Charles Carl KROCH, d/b/a Nursery
Park Service Center, Plaintiff,

v.

The TEXAS COMPANY, Defendant.

United States District Court
S. D. New York.

Nov. 22, 1958.

948

Abraham Pollock, New York City, for plaintiff.

Milton Handler, Amzy B. Steed, Frank D. Gorman, New York City, for defendant.

FREDERICK Van PELT BRYAN, District Judge.

This is an action for treble damages alleged to have resulted from price discrimination in violation of the Robinson-Patman Act, 15 U.S.C.A. § 13. The complaint alleges that the defendant discriminated in price in favor of gas stations in Nassau and adjoining counties similar to that operated by the plaintiff in Manhasset.

Defendant moves (1) to dismiss the complaint, pursuant to Rule 12(b), Fed. Rules Civ.Proc., 28 U.S.C. on the ground that it fails to state a claim upon which relief can be granted; (2) in the alternative to strike certain allegations of the complaint, pursuant to Rule 12(f), as redundant, conclusions of law, vague, scandalous and impertinent; and (3) for a more definite statement under Rule 12(e) with respect to certain allegations of the complaint. In the event of the denial of its motion to dismiss defendant asks this court to make the certification necessary for an interlocutory appeal to the Court of Appeals under new 28 U.S.C. § 1292(b).

A complaint brought by another plaintiff gas station operator against this defendant, reading in haec verba except for the difference in parties, was before Judge Dimock in Rosen v. Texas Co., D.C.S.D.N.Y., 161 F.Supp. 55. This defendant there made similar motions addressed to the complaint, asking in substance for the same relief which it requests here (with the exceptions hereafter noted). Judge Dimock denied all of the motions corresponding to those which the defendant makes here in a well-considered opinion with which I entirely agree. I therefore deny the defendant's present motions and sustain the complaint upon Judge Dimock's opinion.

Two further matters, however, remain to be considered which were not before Judge Dimock.

The first is the application of the defendant to strike that part of paragraph I of the complaint which alleges that jurisdiction is predicated on Section 13a of Title 15 United States Code Annotated, as well as Section 13 of that title. To accomplish this the defendant seeks the words "and 13A thereof" stricken from paragraph I. In the recent cases of Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340, and Safeway Stores, Inc., v. Vance, 355 U.S. 389, 78 S.Ct. 358, 2 L.Ed.2d 350, the Supreme Court has held squarely that 15 U.S.C.A. § 13a, which is Section 3 of the Robinson-Patman Act, does not create a private cause of action. The plaintiff therefore cannot found the jurisdiction of the court upon that section and the language to which defendant objects will be stricken from the complaint.

The second concerns defendant's request that, if its motion to dismiss the complaint is denied, the district court should make the certification necessary to permit an interlocutory appeal from the order of denial pursuant to the new

statute authorizing interlocutory appeals in special cases, 28 U.S.C. § 1292(b).

This section provides that where a district judge, in making an order not otherwise appealable, is of the opinion "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation", he shall so state in writing in the order. The Court of Appeals may then permit an interlocutory appeal in its discretion.

In my view this is not a case for the application of the new statute. Quite apart from whether there is substantial ground for difference of opinion on the questions presented by the motion to dismiss, it is plain that an interlocutory appeal from this order cannot materially advance the ultimate termination of this litigation. Even if I had granted the defendant's motion to dismiss, or if the Court of Appeals should disagree with me and grant the motion on such an appeal, the dismissal would not finally dispose of the action but the plaintiff would undoubtedly be permitted to serve an amended complaint. The appeal would thus merely delay rather than advance the ultimate termination of the litigation.

Moreover, the questions of law involved on the motion to dismiss are not controlling questions. They relate merely to the form in which a claim of this character should be pleaded and do not affect the ultimate substantive requirements for proof necessary to establish the claim which the plaintiff asserts.

While there is as yet little authority on the extent to which this new statute should be used, it is plain that it should be used sparingly and "only in exceptional cases where an intermediate appeal may avoid protracted or expensive litigation". Milbert v. Bison Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431, 433. This is not such an exceptional case.

There are no grounds for making the certification provided for in Section 1292(b) and I deny the defendant's request therefor.

Settle order on notice.