In the Matter of George B. HEDDEN-DORF, Fayette Associates, Inc., Pomerantz, Levy & Haudek, Jules E. Angoff, Irvin M. Davis, and David Berdon & Co., Petitioners,

In the Matter of Harold BROWN and Joseph Galdi, Petitioners.

George B. HEDDENDORF et al.

v.

Bernard GOLDFINE et al.

Nos. 5450, 5451 Original.

United States Court of Appeals First Circuit.

Submitted Jan. 13, 1959.

Decided Feb. 26, 1959.

888

Jules E. Angoff, Boston, Mass., and Pomerantz, Levy & Haudek, New York City, for Heddendorf and others.

Harold Brown, Boston, Mass., for Brown and another.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

We have before us an application for leave to appeal under the recent amendment of 28 U.S.C. § 1292 enacted by the Congress last year. 72 Stat. 1770. It is perhaps unfortunate that the first application to us under this new statute involves the adequacy of the allowance of various fees in a minority stockholders' suit—a subject matter about which ordinarily an appellate court can do little.

In enacting an amendment to § 1292, the Congress left untouched 28 U.S.C. § 1291, the basic jurisdictional statute under which an appeal can be taken as a matter of right from a "final decision" of the district court. After the provisions of § 1292 allowing appeals as a matter of right in certain special cases of "interlocutory" decisions, the Congress added by amendment the following:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

As stated by the district court in Kroch v. Texas Co., D.C.S.D.N.Y., 1958, 167 F.Supp. 947, 949:

"While there is as yet little authority on the extent to which this new statute should be used, it is plain that it should be used sparingly and 'only in exceptional cases where an intermediate appeal may avoid protracted or expensive litigation'. Milbert v. Bison Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431, 433."

Such an exceptional case might be one where the district court has denied a motion to dismiss for want of jurisdiction which raised a novel question and is reluctant to embark upon an extended and costly trial until assured that its decision on the motion to dismiss is sustained.

It is to be seen that this amendment requires judicial action both by the district court and by the court of appeals before a prospective appellant will be allowed to proceed with an appeal from an interlocutory decision not otherwise appealable under § 1292. Though the appellate court is thus protected to some extent by the specified necessity that the party wishing to appeal prevail upon the district court to give the required certificate, it is evident that, if the district court is so persuaded, nonetheless the appellate court must do more than give a pro forma "rubber-stamp" approval of the district court's certificate. In that respect the effect of the certificate of the district court differs from that which an express direction for the entry of final judgment might have under Rule

54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.—a rule which is obviously inapplicable here.

■ Although the statute does not expressly lay down standards to guide the court of appeals in its exercise of judicial "discretion", it would seem that the appellate court should at least concur with the district court in the opinion that the proposed appeal presents a difficult central question of law which is not settled by controlling authority, and that a prompt decision by the appellate court at this advanced stage would serve the cause of justice by accelerating "the ultimate termination of the litigation".

In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging "piecemeal appeals". Perhaps there is always some hardship caused by the application of the "final decision" rule. Yet the rule is beneficial in most applications, because piecemeal appeals would result in even greater hardships and tremendous additional burdens on the courts and litigants which would follow from allowing appeals from interlocutory orders on issues that might later become moot. The "discretion" of the appellate court should be exercised in the light of this fundamental consideration.

A decision by us whether to allow the appeals sought by the present petitions is rendered more difficult by this court's lack of familiarity with the present case. Of course the record is not before us on a petition for leave to appeal, and even if it were, it is inconceivable that the court of appeals should have to peruse and digest what might be a voluminous record in order to decide on what by its nature should be a summary and preliminary determination. The merits of the case will in any event remain for later decision, whether or not the petition for leave to appeal is granted. In deciding whether to grant leave to pursue the interlocutory appeal, this court necessarily must rely upon the would-be appellant to supply in his petition, or in a supporting memorandum attached thereto, a certified copy of the challenged order, a concise but adequate presentation of facts showing the proceedings below prior to the challenged order and the proceedings remaining in the district court, and a statement of the precise nature of the controlling question of law involved, together with a brief argument showing the grounds for the asserted difference of opinion and the way in which the allowance of the petition would "materially advance the ultimate termination of the litigation". The other party, who would become the appellee if the petition were granted, might then express any disagreement on the desirability of interlocutory review, in such papers in opposition as he should choose to file in the three days allowed to him.

The district court's scant recital in this respect was as follows:

"Pursuant to the amendment to 28 U.S.C. § 1292 by the Act of September 2, 1958 (72 Stat. 1770) this Court certifies that an immediate appeal from this order may be taken."

It is obvious that this certificate does not specifically make the statements required by § 1292(b), as amended. It does not identify any controlling question of law "as to which there is substantial ground for difference of opinion", nor does it indicate why an immediate interlocutory appeal would advance "the ultimate termination of the litigation". In the case of the denial of the motion to dismiss, mentioned above, the appellate court, if it disagreed with the decision of the district court, could finally and ultimately terminate the litigation by a direction to the district court to dismiss the complaint. If the appellate court should disagree with the determinations by the district court as to the amount of the fees, all it could do would be to remand the case for further consideration by the district court, and then there might be a subsequent appeal from a "final decision" of the district court—which procedure would hardly "advance the ultimate termination of

the litigation". If, on the other hand, the appellate court should affirm the order of the district court as to fees, it is of course true that the appellate court's judgment would thus be earlier in time than it would be from an appeal from a "final decision"; but this fact is a constant in all cases and certainly cannot in itself be the advancement of "the ultimate termination of the litigation" which the Congress must have had in mind.

We shall not deny the present applications for leave to appeal merely upon the absence of an express certificate by the district court as required by § 1292(b), as amended. For present purposes we shall assume, without deciding, that the district court's certificate is sufficient, on the ground that its citation of the statute might perhaps be treated as a "shorthand" form of the required findings. But see Milbert v. Bison Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431. Passing that hurdle for the moment, it may be said that the various papers now before this court state or imply a sufficient description of the matter so that the petitions may be considered on their merits.

It seems that, in various minority stockholder's suits during the past several years, both in the courts of the Commonwealth of Massachusetts and in the United States District Court for the District of Massachusetts, one Heddendorf, a minority shareholder in the East Boston Company and in Boston Port Development Company, sued Bernard Goldfine, the majority shareholder therein, and certain other officers and directors of the corporations. Allegedly about $839,000 in cash and assets was recovered as a result of these various litigations, $609,000 having been recovered by way of compromise of the federal court action in which the present order was entered, the balance having been paid to settle an earlier state court proceeding. After approving the terms of the proposed $609,000 settlement, the district court allowed up to two years in the future for the payment of some install-ments of this sum, and stated that final judgment in the minority stockholder's proceeding would not be entered until such payments had been completed. The order entered December 30, 1958, by which petitioners say they are aggrieved, fixed the expenses and compensation recoverable by six groups of persons who had claimed to have rendered various services in the litigations on behalf of the two corporations. The group of petitioners in No. 5450, consisting of the minority stockholder himself, Heddendorf, together with a firm of investigative consultants, a firm of certified public accountants, and three firms of counsel, all employed by Heddendorf, was collectively awarded $45,000 by the district court, whereas they had claimed as a group the sum of $228,000. The two petitioners in No. 5451, who are another certified public accountant and another attorney, were awarded $5,000 in fees. It does not appear how much the latter claimed or what their precise role in the litigation was, but they assert that they performed "a principal role" in obtaining the stated settlements. The persons comprising the other four groups have not attempted to appeal.

As to whether the petitions disclosed any "controlling question of law as to which there is substantial ground for difference of opinion", it is true that the petition in No. 5450 suggests that the district court applied the wrong rule of law to the facts in deciding on the award of fees, and also refused to grant fees for work done in state court litigation on the ground of lack of jurisdiction. If these were actually the grounds taken by the district court, although no reasons appear in the court order under review, perhaps this petition does challenge the district court's order on a question of law within the meaning of § 1292(b). And the same petition also cites impressive authority in opposition to the view on these questions of law allegedly subscribed to by the district court, which tends to show a "substantial ground for difference of opinion".

The cases are complicated by the fact that, so far as we can tell from the meager presentation of the case now available, it may be that the order now sought to be reviewed is not an interlocutory decision at all within the meaning of § 1292 but is a final decision under § 1291 in the sense of being a final collateral order completely out of the main stream of the litigation below. See Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Koster & Wythe v. Massey, 9 Cir., 1958, 262 F.2d 60. In other words, the question of fees here involved might be deemed a subject purely incidental to the cause of action, which was based upon various allegations of waste of corporate assets, with no determination of a counterclaim, cross-claim, or third-party claim. See Heddendorf v. Goldfine, D.C.Mass.1958, 167 F.Supp. 915. This is perhaps the reason nobody has undertaken to assert the relevance of Rule 54(b), F.R.C.P. None of the present petitioners, except Heddendorf, was even a party to the derivative suit; and Heddendorf's fee was neither an element of his complaint nor an issue in the merits of the litigation.

The petitioners in No. 5450 ask in the alternative that "this Court should declare that the order below awarding fees is final and is therefore appealable as of right." We have no authority to issue such a declaratory judgment in the present proceeding. Sections 1291 and 1292 are mutually exclusive. It seems too clear for argument that this court should not be flooded with applications under § 1292 for leave to appeal from "final decisions" which are appealable under § 1291. We shall therefore not at present undertake to decide, without record, briefs, and argument, the difficult question whether the order now sought to be reviewed is a "final decision" within the meaning of § 1291. As we observed in Parker v. United States, 1 Cir., 1946, 153 F.2d 66, 69, 163 A.L.R. 379:

"We have not always correctly understood what constitutes a 'final decision' under 28 U.S.C.A. § 225. See Puerto Rico Railway Light & Power Co. v. United States, 1 Cir., 1942, 131 F.2d 491, 494, disapproved in Catlin v. United States, 1945, 324 U.S. 229, 233, 65 S.Ct. 631, [89 L. Ed. 911] with which compare Radio Station WOW v. Johnson, 1945, 326 U.S. 120, 126, 65 S.Ct. 1475 [89 L. Ed. 2092]."

 Whether or not the district court's order of December 30, 1958, is appealable as of right under some other provision of the Code, for the reasons we have stated these two petitions, and the certificate of the district court, are insufficient to convince us that the order sought to be reviewed is an interlocutory decision to which § 1292 was meant to apply, or if § 1292(b) is applicable, that this court in its discretion should permit an interlocutory appeal.

An order will be entered denying the petitions.