**SPERRY RAND CORPORATION, John Presper Eckert, Jr., and John W. Mauchly, Plaintiffs,**

v.

**BELL TELEPHONE LABORATORIES, INCORPORATED, Defendant.**

United States District Court
S. D. New York.
June 5, 1959.

Byerly, Townsend, Watson & Churchill, New York City, for plaintiffs, C. Blake Townsend, New York City, William D. Hall, Washington, D. C., Joseph B. Forman, Carroll G. Harper, New York City, of counsel.

Henry R. Ashton, New York City, for defendant, Harry R. Pugh, Jr., New York City, of counsel.

DAWSON, District Judge.

This is a motion by plaintiffs to reargue the motion for leave to amend the complaint, which was previously denied by this Court in an opinion dated March 19, 1959. Reargument was granted and oral reargument has been had. Briefs have been submitted and considered. The motion presents no new facts or controlling authorities which were not fully considered by the Court in the determination of the original motion.

■ Essentially the motion sought to amend the complaint to raise new issues. The Patent Office, having determined the issue of priority under an interference proceeding, awarded priority to Samuel B. Williams, the defendant's assignor, and directed the issuance of a patent to him. Under the statute which gives the Court jurisdiction over this case, a party dissatisfied with the decision "on the question of priority" has a remedy by means of a civil action de novo. 35 U.S.C.A. § 146. The jurisdiction given under the statute would seem to limit the Court to a consideration of the question of priority. By the proposed amendment to the complaint the plaintiffs have sought to raise an issue, not of "priority" of the invention but rather of the "patentability" of the defendant's alleged invention. This issue is sought to be raised by the contention that the disclosures of the defendant were "inoperative" and could not support a patent. This issue was not raised in the proceedings in the Patent Office and for the reasons set forth in its previous opinion the Court is of the opinion that it cannot be raised in this action; the action is limited to the issue of *priority.*

■ It may be, of course, that evidence as to operability will have some relevance to the issue of priority. In this sense it may be ancillary to the issue of priority. This, however, is a question of the relevancy of evidence and not of the injection into the case of a new issue. The relevancy of evidence must be determined at the trial, upon consideration of the particular evidence when presented. The denial to amend the complaint is not a ruling on the admissibility of evidence if the evidence is relevant to the issue of priority. The Court, however, at this late date, should not have to pass on the issue of patentability of one of the inventions without having had that issue first presented and passed upon by the Patent Office, which could have been done under the existing rules and procedures of that office.

The motion for reargument is denied.

■ The moving party also seeks a certificate under § 1292(b) of Title 28 United States Code, so that the determination of the Court may be reviewed

by the Court of Appeals at the present stage of the litigation.

The Court is of the opinion that this order affirming the previous opinion of this Court, and that opinion, involve a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate determination of this rather long litigation. If the Court is wrong in its determination, it may become necessary to try this case twice. If it is right, that determination should be promptly made so that there will be no question as to the issues to be tried. This statement shall constitute a certificate under § 1292(b) of Title 28 United States Code. So ordered.