**SPERRY RAND CORPORATION, John Presper Eckert, Jr., and John W. Mauchly, Plaintiffs-Appellants,**

v.

**BELL TELEPHONE LABORATORIES, INCORPORATED, Defendant-Appellee.**

United States Court of Appeals
Second Circuit.
July 21, 1959.

On Petition for Rehearing Aug. 25, 1959.

On Petition for Rehearing en Banc
Nov. 12, 1959.

Byerly, Townsend, Watson & Churchill, C. Blake Townsend, New York City (Joseph B. Forman, Robert E. Kosinski, and Carroll G. Harper, New York City, of counsel), for plaintiffs-appellants.

Henry R. Ashton, New York City (Harry R. Pugh, Jr., New York City, of counsel), for defendant-appellee.

Before SWAN, HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

On motion for leave to appeal. Motion denied as untimely. See Milbert v. Bison Laboratories, 3 Cir., 260 F.2d 431.

On Petition for Rehearing.

This is a petition for rehearing of our July 21, 1959 order by which we denied petitioners' motion for leave to appeal an interlocutory order pursuant to 28 U.S.C.A. § 1292(b).

The sole issue raised by petitioners' requested rehearing is whether their motion for reargument, which having been made on April 2, 1959 was concededly timely under the Southern District rule relating to motions for reargument, tolled the ten day period allowed for appeals from interlocutory orders under 28 U.S.C.A. § 1292(b). While petitioners argue that they seek to appeal the June 5, 1959 [D.C., 173 F.Supp. 714], order denying their motion for reargument, it seems clear that the order of March 19, 1959 [D.C., 171 F.Supp. 343], is their real target. Although Dawson, J., certified that both the original order and the later, affirmatory, order involved controlling questions of law, he also stated that "no new facts or controlling authority" was presented in the motion for reargument. D.C., 173 F.Supp. 714, 715. The question would be different if the motion for reargument had presented for the first time such controlling questions as to lead the court to state in writing the desirability of an appeal. But to permit even a timely motion for reargument which presents no new considerations to extend the period of appeal from the original order, would be reading an exception to 28 U.S.C.A. § 1292(b) where none exists. And no power exists in the district court, by rule or otherwise, to extend a time limitation prescribed by statute. It is not necessary to decide at this time whether the granting of a motion for reargument within the ten day period of 28 U.S.C.A. § 1292 (b) would toll that period until a final determination was reached.

Even if petitioners' alternative April 2 request for an amended original order conforming to the requirements of 28 U.S.C.A. § 1292(b) is considered a motion under Rule 59(e), 28 U.S.C.A., to Amend a Judgment, the appeal must fail as being untimely under Rule 73 and 28 U.S.C.A. § 1292(b). For the motion for reargument of April 2 was not made within the mandatory ten-day period of Rule 59(e). But that aside, we think it not permissible to classify an order denying the petitioners' motion to amend their complaint as a "judgment" within the meaning of Rules 59(e) and 54(a).

The petitioners say that our order is inconsistent with the order in Mueller v. Ryan, June 8, 1959 (CCH, JEL and JJS). But Mueller came up on a long motion calendar and was granted from the bench. Examination of the motion papers in Mueller reveals that they contained no showing whatever that the motion for reargument was made more than ten days after the original order, although the petitioners here now say that was so. But the fact that for lack of advice as to the date of the motion we inadvertently erred in Mueller, does not now warrant a conscious error.

Petition denied.

On Petition for Rehearing en Banc.

Before CLARK, Chief Judge, and LUMBARD, WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

■■ Petition for rehearing *en banc* is granted. This opinion is substituted for the *per curiam* opinion upon rehearing filed August 25, 1959. Upon reconsideration we find that the application for leave to appeal was timely inasmuch as it was made to us within 10 days of the order of the district judge that contained the 28 U.S.C. § 1292(b) statement. Because in our judgment the grant of leave to appeal will not fulfill the purposes expressed in the statute, we, in our discretion, adhere to our previous decision denying leave to appeal.