**HOUSTON FEARLESS CORPORATION,**
Petitioner,

v.

**Guy TETER, Respondent.**

No. I.A. 25.

United States Court of Appeals
Tenth Circuit.

Dec. 20, 1962.

George Louis Creamer, of Creamer & Creamer, Denver, Colo., for petitioner.

William P. Johnson of Rothgerber, Appel & Powers, Denver, Colo., for respondent.

Before PICKETT, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner-defendant, Houston Fearless Corporation (Houston), applies under 28 U.S.C. § 1292(b) for the allowance of an interlocutory appeal from a trial court order denying Houston's motions to quash service, to dismiss for lack of jurisdiction, and to change venue. Respondent-plaintiff, Teter, contends that the petition was not filed within the required 10 days from the entry of the order attacked.

Appeals from interlocutory orders in civil cases are permitted by § 1292(b) when a district judge in making an order states in writing that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The allowance of such appeals is discretionary with the Court of Appeals. Application to the Court of Appeals must be made "within ten days after the entry of the order."

The order on the motions was entered September 7, 1962, and did not contain the statement which the statute makes prerequisite to an appeal. On Septem-

ber 18, 1962, Houston moved that the order be modified so as to include this statement. The court on October 3, 1962, entered a supplemental order containing the statement. On October 12, 1962, Houston filed in this court its application for permission to appeal from the interlocutory order.

The question is whether the 10-day limitation runs from September 7, the date of the original order, or from October 3, the date of the supplemental order. If the latter date controls, the appeal is timely; otherwise it is not.

The circuits are split on the issue presented. The Third Circuit held in Milbert v. Bison Laboratories, 3 Cir., 260 F.2d 431, that a motion to amend an order to include the statement required by § 1292(b) must be made within the 10-day period provided by Rule 59(e), F.R. Civ.P.,[1] and if not so made the time for application to the Court of Appeals is not tolled.[2] The Second Circuit has held that the time runs from the entry of the order containing the statement required by § 1292(b) rather than from the entry of the order so supplemented.[3] The Fifth Circuit has assumed without discussion that the time runs from the order containing the § 1292(b) statement.[4]

The legislative history of § 1292(b) shows a congressional intent to protect against delays.[5] The Third Circuit decision furthers that intent but presents procedural difficulties which we find insurmountable.[6]

Rule 73(a) tolls the time for taking an appeal when timely motions are made under Rules 52(b) and 59. The material provisions of these rules apply to the amendment of a "judgment." Rule 54 (a) defines "judgment" to include " * * any order from which an appeal lies." The original order was not a judgment because it was not appealable and, as it was not a judgment, Rules 52(b) and 59(e) do not apply. Rule 60(b) has no effect as it covers relief from a "final judgment, order, or proceeding," [7] and the original order here was interlocutory rather than final.

No rule of which we are aware limits the plenary power of a federal district court which has made an interlocutory order to grant such relief from that order as justice requires while the case is pending before it.[8] Accordingly, the trial court had the power to supplement the original order to include the § 1292 (b) statement. When it did so, the order became appealable and the appeal time ran from the entry of the supplemental order. Otherwise the entry of the supplemental order is meaningless.[9] We hold that the application was made within time.

Before MURRAH, PICKETT, LEWIS, BREITENSTEIN, HILL, and SETH, Circuit Judges.

---

1. Rule 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Rule 6(b) provides that the time for taking any action under Rule 59(e) may not be extended.

2. See Rule 73(a).

3. Mueller v. Rayon Consultants, Incorporated, 2 Cir., 271 F.2d 591; Sperry Rand Corporation v. Bell Telephone Laboratories, Incorporated, 2 Cir., 272 F.2d 29; and Brown v. Bullock, 2 Cir., 294 F.2d 415, see opinion of Judge Clark concurring in result at p. 422.

4. See Ex parte Deepwater Exploration Company, 5 Cir., 260 F.2d 546; and Hadjipateras v. Pacifica, S.A., 5 Cir., 290 F.2d 697.

5. See U.S.Cong.News '58, pp. 5255–5259.

6. See 1 Barron and Holtzoff, Federal Practice and Procedure, § 58.1, note 4.34, pp. 327–328; Wright, The Interlocutory Appeals Act of 1958, 23 F.R.D. 199, 208, note 34; and concurring opinion in Brown v. Bullock, 2 Cir., 294 F.2d 415, 422, note 1.

7. See 7 Moore's Federal Practice, § 60.-16(5), p. 89.

8. See 1A Moore's Federal Practice, § 0.-404(9), p. 4232; John Simmons Company v. Grier Brothers Company, 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475; and Bucy v. Nevada Const. Co., 9 Cir., 125 F.2d 213, 216–217.

9. In the supplemental order the trial court said: " * * * the ten-day period for application to the Circuit Court under the Statute shall run from the date of this Order."

PER CURIAM.

We find that the interlocutory order from which the appeal is sought determines questions relating to service of process, jurisdiction, and venue; that there is substantial ground for difference of opinion; and that an immediate appeal may materially advance the termination of the litigation. Accordingly, the appeal is allowed.