**PHILCO CORPORATION, Plaintiff,**

**v.**

**RADIO CORPORATION OF AMERICA, Defendant.**

Civ. A. No. 2369.

United States District Court
D. Delaware.

Nov. 15, 1963.

Alexander L. Nichols, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Thomas M. Ferrill, Jr., and Allen V. Hazeltine, Philadelphia, Pa., for plaintiff.

Rodney M. Layton, Richards, Layton & Finger, Wilmington, Del., and Richard E. Lyon, Los Angeles, Cal., and A. Russinoff, Princeton, N. J., for defendant.

LEAHY, Senior District Judge.

This is a motion by plaintiff for production and inspection of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

The action was brought under 35 U.S.C. § 146 to review a decision of the Board of Patent Interferences in an interference proceeding between Boothroyd, et al. and Ballard, and their respective assignees, Philco Corporation and Radio Corporation of America. The invention is concerned with "color dot interlace" in a color television system. To accomplish such interlace, a definite timing relation between two portions of the system must be maintained.[1]

1. The Board of Patent Interferences held neither party proved conception prior to its filing date and therefore awarded priority to RCA's Ballard as the first to file. Having failed to file a timely motion to dissolve the interference on the grounds of lack of sufficiency or inoperability of Ballard's patent disclosure, plaintiff is now precluded from raising any issues as to the sufficiency or operability of the Ballard patent or application.[2] Radio Corporation of America v. Philco Corporation, E.D.Pa., 201 F. Supp. 135 (1961); Sperry Rand Corporation v. Bell Telephone Laboratories, S.D.N.Y., 171 F.Supp. 343 (1959). Consequently, plaintiff must show Boothroyd et al. conceived earlier than the Ballard filing date, and Ballard's proof of earlier conception is defective.

2. Preparatory to attempting to prove Ballard's conception proof is inadequate, plaintiff requests defendant produce (1) documents related to the problem of maintaining a predetermined timing relation limited to the period between Ballard's alleged conception date and his filing date; and (2) documents related to testing of means for maintaining a predetermined

---

1. Defendant's memorandum admits this requirement. A technical description of the system is unnecessary for disposition of this motion.

2. Conceding this, plaintiff did not oppose defendant's motion for partial summary judgment but, to the contrary, entered into a stipulation pursuant to which the following Order was made:

"(1) Plaintiff is precluded from raising any issues as to the sufficiency or operability of the disclosure of Ballard Patent No. 2,678,348 or Ballard application Serial No. 117,528, and

"(2) Ballard application Serial No. 117,528 constitutes a constructive reduction to practice of the invention in issue on September 24, 1949, its filing date."

timing relation.[3] That the material sought is relevant to issues relating to sufficiency and operability of disclosures by Ballard prior to his filing date is not disputed. Defendant contends, however, plaintiff being foreclosed from attacking the sufficiency of Ballard's application, is also barred from showing Ballard did not conceive an operative system prior to his filing date. Hence, the only question presented is whether plaintiff is foreclosed from raising an issue to which documents sought are relevant.

3. Cases cited by defendant as authority for denying plaintiff the right to probe the question of sufficiency of Ballard's proof of invention prior to his filing date are not in point. Radio Corporation of America v. Philco Corporation, supra, and Sperry Rand Corporation v. Bell Telephone Laoratories, supra, are authority for denying a party who failed to move to dissolve an interference on the ground of inoperativeness of his opponent's application permission to attack the application on that ground. The law of those two cases is applicable only to the issue which was disposed of by defendant's motion for partial summary judgment. Since Ballard's conception evidence with respect to means for maintaining a definite timing relation was in issue in the interference proceeding, the issue of inoperativeness of his proof of conception is not being considered for the first time.

4. The Court in Garand v. Pedersen, 76 F.2d 407, 22 CCPA 1161 (1935) held, since the drawing relied upon by appellee to show his early conception was substantially identical with the structure described in his application, and appellant made no motion to dissolve the interference upon the ground of inoperativeness of the device disclosed in the application, appellant could not be permitted to raise the question of inoperativeness of appellee's device shown in his early conception proof. The parties stipulated all the elements of the counts were shown on the structure disclosed in the application. Defendant contends an identical stipulation was made in the case at bar. I disagree. My Order,[4] to which the parties stipulated, was defendant should have the benefit of operability and constructive reduction to practice as of Ballard's filing date. As a matter of law, a federal District Court will not consider the issue of inoperativeness unless it has been raised on a motion to dissolve the interference. This is not, however, stipulating to a fact situation as in Garand. Moreover, unlike Garand, plaintiff contends there is not an identity between the structure described in Ballard's application and in his conception proof.

5. Schweyer v. Thomas, 68 F.2d 953, 21 CCPA 859 (1934) and Hogue v. Cowling, 101 F.2d 541, 26 CCPA 874 (1939) also are inapposite. Parties who failed to attack an opponent's application during the motion period on the ground of inoperativeness were not permitted to urge that ground later against *identical* or *substantially identical* structures disclosed in such application when disclosed in other applications or embodied in actual devices. Those decisions, however, do not hold the failure of a party to attack the operativeness of the disclosure of an opponent's application relieves the opponent of the duty of establishing experiments carried out *prior* to the filing of his application were successful.

It appears a compelling reason the Court of Customs and Patent Appeals refused to consider the question of inoperativeness in Garand, Schweyer, and Hogue was the existence of an identity or substantial identity between structures

---

3. Since plaintiff believes testing of means for maintaining a predetermined timing relation may have first occurred after Ballard's filing date, its request for documents relating to testing is not limited to the period between Ballard's alleged conception date and his filing date. Documents written subsequent to the filing date would tend to show the problem of maintaining a predetermined timing relation had not been solved by Ballard prior to that date.

4. See Note 2, supra.

disclosed in applications and structures disclosed in other teachings or embodied in actual devices. In the case at bar, however, plaintiff contends there is no identity between Ballard's documents bearing on conception and his application teachings. Plaintiff has satisfied me there *may* be ground for its position that no such identity exists. If plaintiff is correct, its failure to attack the disclosure of Ballard's application cannot supply the lack of affirmative proof as to the operability of Ballard's conception disclosure. I am not to be understood, however, as ruling at this stage of the pre-trial discovery proceedings upon the legal sufficiency of plaintiff's contention that, even if Ballard's application teachings were identical to his documents bearing on conception, an attack on their adequacy would not be precluded. Whether or not plaintiff is correct is immaterial at this juncture.[5]

Accordingly, documents requested by plaintiff will be ordered produced. Submit proposed form of order.

5. The function of the Court in passing upon objections to requests under Rule 34 has been well summarized by Judge KIRKPATRICK in E. I. DuPont De Nemours & Co. v. Phillips Petroleum Co., D.C.Del., 24 F.R.D. 416, at 422 (1959). It is there stated a party is entitled to make his contentions "without the necessity of the Court's passing upon the prospect of its ultimately sustaining its position. Obviously, to decide that question now under the guise of determining the relevancy of certain documents would be to decide the entire case. The only question, therefore, upon the point of the relevancy of the various matters sought to be discovered by the defendant is whether they are relevant *to the defendant's contentions.*"