**BEVERLY HILLS FEDERAL SAVINGS AND LOAN ASSOCIATION,** Plaintiff,

v.

**FEDERAL HOME LOAN BANK BOARD** et al., Defendants.

**Misc. No. 3064.**

United States District Court District of Columbia.

Oct. 20, 1964.

Robert B. Hankins, Washington, D. C., for plaintiff.

Philip R. Collins, Washington, D. C., for defendant Federal Home Loan Bank Bd.

Charles Jay Pilzer, Washington, D. C., for defendant William E. Shannon.

Samuel Scrivener, Jr., Washington, D. C., for defendant Edward Baltz.

HOLTZOFF, District Judge.

In this case this Court has heretofore vacated a subpoena directed to a witness, who is not a party to the action, for the purpose of taking the deposition of the witness in this district. The action is pending in the United States District Court for the Southern District of Cal-

ifornia and the deposition is to be taken for use in that action.

This Court having vacated the subpoena, the plaintiff, at whose instance the subpoena was issued, now moves this Court to amend its order so as to include a recital described by 28 U.S.C. § 1292, subsection (b), which would be the basis for an application to the Court of Appeals for an appeal from the order of this Court if it were treated as an interlocutory order.

The question of law that the plaintiff seeks to review is whether the Court out of which the subpoena was issued has jurisdiction and power to vacate that subpoena, or whether an application to that end must be made to the court in which the action is pending, that court having exclusive jurisdiction of such a matter. It is contended by the plaintiff that the latter court has exclusive jurisdiction.

The pertinent provision of the statute to which reference has been made reads as follows:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

The present motion requests the Court to include such a recital.

■ This Court is of the opinion that a court out of which a subpoena is issued has within its inherent power the authority to vacate that subpoena. The Court is further of the opinion that there is no substantial ground for difference of opinion on that point.

In view of this consideration, the Court is necessarily led to the conclusion that the motion should be denied without considering other aspects of the matter suggested by counsel for the witnesses involved in this proceeding.

The Court might note that there is another question, and that is whether this Court has power to amend its order in the manner requested after the expiration of the ten-day period from the date of the original order. The circuits are split upon that point. The Third Circuit[1] holds that such authority does not exist, while the Second,[2] the Fifth[3] and Tenth Circuits[4] hold that it does exist. The point is open in the District of Columbia, never having been decided, apparently by the Court of Appeals for this circuit. The Court calls the attention of counsel to this point without expressing any opinion as to it, in view of the basic ground on which the motion is denied.

1. Milbert v. Bison Laboratories, 260 F. 2d 431, C.A.3d.

2. Sperry Rand Corp. v. Bell Telephone Laboratories, 272 F.2d 29, C.A.2d.

3. Hadjipateras v. Pacific, S.A., 290 F. 2d 697, C.A.5th.

4. Houston Fearless Corp. v. Teter, 313 F.2d 91, C.A.10.