**E. I. du PONT de NEMOURS & COMPANY, a corporation, Plaintiff,**

v.

**CELANESE CORPORATION, a corporation, Columbia Ribbon and Carbon Manufacturing Co., Inc., a corporation, and Angelo Vaccaro, Defendants.**

**No. 68 Civ. 723.**

United States District Court S. D. New York.

Aug. 5, 1968.

See also D.C., 285 F.Supp. 819.

Ward, McElhannon, Brooks & Fitzpatrick, New York City, for plaintiff, Joseph M. Fitzpatrick, Lawrence F. Scinto, New York City, Ralph T. Lilore, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant Celanese Corp., Stephen Rackow Kaye, New York City, Michael A. Cardozo, A. Donald Messenheimer, Platon N. Mandros, Burns, Doane, Benedict, Swecker & Mathis, Washington, D. C., Charles B. Barris, New York City, of counsel.

McKercher & Link, New York City, for defendants Columbia Ribbon and Carbon Mfg. Co., Inc. and Angelo Vaccaro, George Link, Jr., Bruce J. Kniffen, New York City, of counsel.

### OPINION

BONSAL, District Judge.

Defendants move for partial summary judgment pursuant to Rule 56(b), Federal Rules of Civil Procedure, dismissing portions of paragraph 16 of plaintiff's complaint and dismissing the second and third paragraphs of the prayer for relief, which defendants contend seek to raise questions of "patentability, statutory bars and estoppels" in this action brought by plaintiff alleging that it is dissatisfied with a decision of the Board

of Patent Interferences. 35 U.S.C. § 146.[1]

Following an interference proceeding in the United States Patent Office and determinations by the Board of Patent Interferences adverse to plaintiff, plaintiff instituted this action on February 21, 1968. Jurisdiction is asserted under 35 U.S.C. § 146 and 28 U.S.C. § 1338(a).

On December 31, 1956 defendant Vaccaro filed patent application No. 631,583 (the original Vaccaro application). On September 20, 1960 Vaccaro filed continuation-in-part application No. 58,875 and on March 26, 1963 United States Patent No. 3,082,735 (the original Vaccaro patent) was issued upon that application. The original Vaccaro patent shows an assignment by Vaccaro to defendant Columbia Ribbon and Carbon Manufacturing Co., Inc. (Columbia). By agreement dated December 14, 1963 Columbia assigned its right to the inventions disclosed in the original Vaccaro patent to defendant Celanese Corporation. On December 16, 1963 application No. 339,569 (the Vaccaro reissue application) was filed for reissue of the original Vaccaro patent.

On May 3, 1960 Owens filed patent application No. 26,462 and on December 18, 1962 United States Patent No. 3,068,-528 (the Owens patent) was issued upon that application. The Owens patent shows an assignment by Owens to plaintiff E. I. duPont de Nemours and Company (duPont).

On October 23, 1964 the United States Patent Office instituted Interference No. 94,608 (the interference) between the subject matter of Claim 15 of the Vaccaro reissue application and the subject matter of Claim 13 of the Owens patent, with Vaccaro and Owens as the parties to the interference. The subject matter of the two claims in the interference was described by the Board of Patent Interferences in its decision of November 29, 1967, as follows:

"A process for transporting a plastic film which comprises passing the plastic film in proximity to but out of contact with at least one electrode and then onto an electrically grounded moving surface; establishing a non-uniform electrostatic field gradient between said electrode and the film to deposit on the upper surface of said film an electrostatic charge sufficient to cause said film to adhere firmly to said moving surface."

Section 135 of Title 35, United States Code, concerning interferences, provides in relevant part as follows:

"(a) Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be. The question of priority of invention shall be determined by a board of patent interferences * * *."

The question for determination in the interference was priority of invention as between Vaccaro and Owens.

On November 18, 1965 the Primary Examiner rendered a decision denying a motion by Owens to dissolve the interference and granting a motion by Vaccaro to shift the burden of proving prior-

1. Section 146 of Title 35, United States Code, provides in relevant part as follows:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title * * *. In such suits the record in the Patent Office shall be admitted on motion of

either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. * * * Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of the judgment and on compliance with the requirements of law."

ity of invention to Owens, on the ground that Vaccaro was entitled to the benefit of the filing date (December 31, 1956) of the original Vaccaro application which was prior in time to the filing date (May 3, 1960) of the Owens application.[2] On November 29, 1967 the Board of Patent Interferences rendered its decision awarding priority of invention to Vaccaro and on January 23, 1968 the Board adhered to its decision following a request by Owens for reconsideration.

The Board of Patent Interferences considered only the first of the six grounds upon which Owens relied in moving before the Primary Examiner to dissolve the interference. See Footnote 2, supra. This ground was that Claim 15 of the Vaccaro reissue application is not supported by Vaccaro's disclosure in the original Vaccaro patent and in the earlier Vaccaro patent applications. In its decision of November 29, 1967 the Board found "no reason for disagreeing with the conclusion of the Primary Examiner that the spiked electrode * * * [in the Vaccaro disclosure] inherently will establish a 'non-uniform electrostatic field gradient' * * *." The Board did not consider the remaining five grounds, stating that "the question of patentability is not within our jurisdiction." These grounds were considered, however, by the Primary Examiner in the proceedings before him. See Footnote 2, supra. Compare Sperry Rand Corp. v. Bell Telephone Laboratories, Inc., 171 F.Supp. 343 (S.D.N.Y.), reargument denied, 173 F. Supp. 714, leave to appeal denied, 272 F.2d 29 (2d Cir. 1959).

Plaintiff's complaint alleges that the Board of Patent Interferences erroneously awarded priority of invention to Vaccaro (paragraph 15); that Owens was the first inventor of the subject matter of the interference (paragraph 19); and that Owens and duPont as his

2. In the proceedings before the Primary Examiner, Owens' motion to dissolve the interference was based upon six grounds and the grounds were ruled upon by the Examiner, as follows:

1. Claim 15 of the Vaccaro reissue application is not supported by Vaccaro's disclosure in the original Vaccaro patent and in the earlier Vaccaro patent applications.

Examiner: The disclosure is sufficient to support Claim 15 because the structure disclosed inherently produces a "non-uniform electrostatic field gradient" as recited in Claim 15;

2. Vaccaro is not entitled to assert Claim 15 because the original Vaccaro patent is not wholly or partly inoperative or invalid (see 35 U.S.C. § 251).

Examiner: The patent is wholly or partly inoperative or invalid since less was claimed in the patent than Vaccaro had a right to claim;

3. Vaccaro is not entitled to assert Claim 15 because Claim 15 is drawn to a different invention than the invention claimed in the original Vaccaro patent.

Examiner: Claim 15 is drawn to the invention disclosed and intended to be claimed in the original Vaccaro patent;

4. Claim 15 is barred to Vaccaro under 35 U.S.C. § 102(b) by reason of a Belgium patent granted on October 30, 1961.

Examiner: The Belgium patent is not a bar because the patent is not prior in time to the filing date of the original Vaccaro application;

5. Vaccaro is estopped from asserting Claim 15 because during the prosecution leading to the grant of the original Vaccaro patent, Vaccaro acquiesced in the rejection of, or withdrew by amendment, one or more claims of a scope corresponding to or narrower than Claim 15.

Examiner: There is no estoppel since none of the claims made in the prior Vaccaro patent applications leading to the grant of the original Vaccaro patent were commensurate in scope to Claim 15;

6. Vaccaro is estopped from asserting Claim 15 because after the Owens patent was issued, giving Vaccaro actual or constructive notice thereof, Vaccaro accepted the original Vaccaro patent without first exhausting all available remedies to obtain claims corresponding to Claim 15.

Examiner: There is no estoppel since the record does not support a holding that upon issuance of the Owens patent, Vaccaro immediately became aware of the insufficiency of the claims allowed in the Vaccaro continuation-in-part application to cover all to which Vaccaro was entitled.

assignee, are entitled to all the benefits of the Owens patent (paragraph 19).

Defendants move for summary judgment dismissing the portions of paragraph 16 of the complaint which are interlined below:

"16. Plaintiff is dissatisfied with said decisions of the board of patent interferences on the question of priority, which decisions ~~erroneously construed the aforesaid count~~ [the subject matter of the interference], erroneously held that the application of Vaccaro was legally sufficient to support the count, ~~erroneously failed to take into consideration the estoppels and statutory bars outstanding as to the application of Vaccaro, and erroneously applied improper construction of the count in the foregoing holdings and in consideration of the patentability issue.~~"

and for summary judgment dismissing paragraphs 2 and 3 of the prayer for relief, which read as follows:

"WHEREFORE plaintiff prays this Honorable Court:

&ast; &ast; &ast; &ast; &ast; &ast;

"2. To adjudge and decree that defendants, by reason of the provisions of United States Code, Title 35, Section 102(g), are not entitled to any patent containing any claim constituting or including the subject matter in controversy in the count of Interference No. 94,608.

"3. To adjudge and decree that the count in interference, as erroneously construed by the board in awarding priority to said Angelo Vaccaro, is unpatentable under the provisions of United States Code, Title 35, Sections 102 and 103; &ast; &ast; &ast;."

Defendants contend that the interlined portions of paragraph 16, and paragraphs 2 and 3 of the prayer for relief, raise questions of patentability, statutory bars and estoppels (including the questions raised in Owens' motion to dissolve the interference (see Footnote 2, supra, grounds 2–6) that were not considered by the Board of Patent Interferences) which may not be considered in this action because the court's jurisdiction under 35 U.S.C. § 146 is limited to the question of priority of invention and to questions ancillary to priority. The only issue in this action, say the defendants, is whether the Board of Patent Interferences was correct in holding that Claim 15 was adequately supported by the original Vaccaro patent and the earlier Vaccaro patent applications.

In proceedings under 35 U.S.C. § 146 (and the comparable provisions of 35 U.S.C. § 141) courts have declined to consider such questions as whether a claim corresponding to the subject matter of an interference can be included in an application for a reissue patent. (Loukomsky v. Gerlich, 264 F.2d 907, 46 CCPA 805 (1959)), whether a claim in a reissue application is drawn to an invention different from the invention claimed in the original patent (Pritchard v. Loughlin, 360 F.2d 250 (C.C.P.A. 1966)) and whether a patent is barred under 35 U.S.C. § 102(a), (b) by reason of prior use or prior publication of the invention (Union Carbide Corp. v. Traver Investments, Inc., 238 F.Supp. 540, 546 (S.D.Ill.1965); Bloom v. Locke, 69 F.2d 113, 117 (C.C.P.A.1934)). The courts have declined to consider these questions on the ground that the questions relate to whether a claim is patentable to the defendant in a proceeding following a decision of the Board of Patent Interferences on priority of invention, and in such a proceeding, questions relating to patentability to the defendant may not be considered. See, e. g., Sanford v. Kepner, 195 F.2d 387, 390–391 (3d Cir.), aff'd, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952); Union Carbide Corp. v. Traver Investments, Inc., supra; Ferree v. Shephard, 384 F.2d 1019 (C.C.P.A.1967).

However, the Supreme Court in Sanford v. Kepner, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952) did not hold that a court lacks the power to consider questions relating to patentability. See Turchan v. Bailey Meter Co., 19 F.R.D. 201, 206–208 (D.Del.1956). The Supreme Court's opinion in *Sanford* indicates that a court has the power to con-

sider such questions but usually should refuse to do so.[3] See Shell Development Co. v. Pure Oil Co., 111 F.Supp. 197 (D. D.C.1953), aff'd sub nom., Pure Oil Co. v. Socony-Vacuum Oil Co., 94 U.S.App. D.C. 86, 212 F.2d 454 (1954); Sperry Rand Corp v. Bell Telephone Laboratories, Inc., supra. Therefore, defendants' motions pose the issue of whether the court should consider questions relating to patentability, such as the questions presented by grounds 2, 3 and 4 (see Footnote 2, supra) asserted in Owens' motion before the Primary Examiner. Since determination of this issue may depend upon the facts developed during discovery and at trial, it may not be decided at this time on a motion for partial summary judgment. See Shell Development Co. v. Pure Oil Co., supra.

The same holds true with respect to whether questions of estoppel may be considered, as this may depend upon whether the estoppel would operate in favor of duPont or in favor of the public (compare Jenks v. Knight, 90 F.2d 654 (C.C.P.A.1937) with Phelan v. Green, 71 F.2d 298 (C.C.P.A.1934); see also Garrison v. Hruska, 117 U.S.P.Q. 151 (Bd. Patent Interferences 1957). But cf. Vandenberg v. Reynolds, 242 F.2d 761, 44 CCPA 873 (1957)), which cannot be decided before the facts are fully developed.

■ Moreover, since the complaint asserts a single claim for relief and the portions sought to be dismissed may affect the portions which will be tried, partial summary judgment is in any event inappropriate. See Kollsman Instrument Corp. v. Astek Instrument Corp., 225 F. Supp. 534 (S.D.N.Y.1964); cf. McNellis

v. Merchants National Bank & Trust Co. of Syracuse, 385 F.2d 916 (2d Cir. 1967).

Defendants' motions for partial summary judgment are denied.

It is so ordered.

3. In 1952, after Sanford v. Kepner was decided by the Supreme Court, Congress repealed R.S. § 4915 (35 U.S.C. § 63) and enacted Section 146 of Title 35 in its place. Although the language of the relevant portion of the statute was changed by adding the words "on the question of priority," this did not change prior law as to whether questions relating to patentability could be consid-

ered. See Senate Report No. 1979, 2 U.S.Code Cong. & Ad.News, pp. 2394, 2400, 2414, 2416 (1952); cf. Ellis-Foster Co. v. Union Carbide & Carbon Corp., 284 F.2d 917 (3d Cir. 1960), cert. denied, 365 U.S. 813, 81 S.Ct. 693, 5 L.Ed. 2d 692 (1961). But see Glass v. De Roo, 239 F.2d 402, 404, 44 CCPA 723 (1956).