**POTTER INSTRUMENT COMPANY, Inc., Plaintiff,**

v.

**MOHAWK DATA SCIENCES CORPORATION, Defendant.**

No. 69 Civ. 2061.

United States District Court
S. D. New York.

Dec. 3, 1969.

Walsh & Frisch, New York City, for plaintiff.

Darby & Darby, New York City, for defendant.

MEMORANDUM

TENNEY, District Judge.

Defendant, alleging lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, moves pursuant to Rules 12(b) (1) and (6) of the Fed.R.Civ.P., respectively, for an order dismissing Paragraph 13 of plaintiff's complaint and Paragraph (b) of the Demand for Judgment. By its complaint, which is founded upon 28 U. S.C. § 1338 and 35 U.S.C. § 146, plaintiff seeks to set aside a determination by the United States Patent Office in an interference proceeding by which priority of invention on two patent claims was

awarded to defendant's assignor, David F. Sweeney.[1]

Paragraph 13 of the complaint alleges that the Sweeney application is not entitled to issue as a patent since it does not meet the conditions for patentability set forth in 35 U.S.C. §§ 102, 103, while Paragraph (b) of the Demand for Judgment seeks an order directing that no patent issue for such application. Defendant urges that these paragraphs be dismissed since plaintiff's claim regarding the patentability of defendant's patent application was not an issue and was not raised or adjudicated in the Patent Office interference proceedings, and that it is not alleged in the complaint that this issue in any way affects or is related to the question of priority of invention. Plaintiff, while conceding that the issue of patentability was not raised in the Patent Office proceedings, urges that such issue may nevertheless be raised before the trial court in an action brought pursuant to 35 U.S.C. § 146.[2] I cannot agree.

 Section 146 provides that any party to an interference who is dissatisfied with a decision of the Board of Patent Interferences on the question of priority, may commence a civil action in the District Court. Such an action, however, although frequently referred to as a trial *de novo* may more properly be termed *sui generis*. The administrative record of the Patent Office forms the nucleus of the evidence before the District Court. But the Court is not confined to such record; additional evidence may be submitted on trial in support of contentions advanced by the parties in the Patent Office. The admissibility of supplementary evidence, therefore, is limited to issues previously raised in the interference proceedings. Monsanto Co. v. Kamp, 269 F.Supp. 818, 822 (D.D.C.1967). Although, unlike an appeal, the parties may take further testimony before the District Court, the new testimony must be in support of contentions already fully made before the Patent Office. Claims not considered by the Patent Office on the merits are not properly reviewable by the Court. Polaroid Corp. v. Horner, 197 F.Supp. 950, 954 (D.D.C.1961); Sperry Rand Corp. v. Bell Tel. Laboratories, Inc., 171 F.Supp. 343, 347 (S.D.N.Y.), reargument denied, 173 F.Supp. 714, leave to appeal denied, 272 F.2d 29 (2d Cir.1959); see Rendleman v. Ladd, 197 F.Supp. 304, 309 (D.D.C.1961). Of course, when evidence of patentability is relevant to the issue of priority the trial court may properly receive it for such limited purposes. But this is not to say that a party to a patent interference proceeding should be permitted to raise totally new issues in an action brought to review that same determination. Radio Corp. of America v. Philco Corp., 201 F.Supp. 135, 143 (E.D.Pa.1961), aff'd, 309 F.2d 397 (3d Cir.1962).

The Rules of the Patent Office, which have the force of law, provide that the issue of patentability of a claim may not be raised unless the party seeking to raise the point has duly presented and prosecuted a motion in the interference proceeding under 37 C.F.R. § 1.232 for the dissolution of the interference upon such ground, or shows good reason why such motion was not presented and prosecuted. Patent Office Rules, 37 C.F.R. § 1.258(a), 35 U.S.C. Appendix. This is because, as stated in the Rule, the question "of patentability of a claim * * * will not be considered in the decision on priority." Thus, having failed to file a timely motion to dissolve the interference on the grounds of the unpatentability of the Sweeney application, plaintiff is now precluded from raising such issues. Philco Corp. v. Ra-

1. Pg. 1. The Board of Patent Interferences of the United States Patent Office awarded priority of counts 1 and 2 of consolidated Interference No. 95,057 to the application of David F. Sweeney, defendant's assignor, Serial No. 178,371 and priority of invention as to count 3 to Francis V. Thiemann, plaintiff's assignor, Patent No. 3,128,693.

2. Pg. 2. Plaintiff's Memorandum of Law in Opposition at 3 (dated Aug. 4, 1969).

dio Corp. of America, 223 F.Supp. 781 (D.Del.1963).

■ Further, plaintiff's attempt in the Patent Office to institute public use proceedings against defendant's patent application would not entitle it to raise the patentability issue on its action to set aside the determination of the Patent Office in the interference proceeding. General Motors Corp. v. R. E. Dietz Co., 420 F.2d 1303 (D.C.Cir.1969); Union Carbide Corp. v. Traver Investments, Inc., 238 F.Supp. 540 (S.D.Ill. 1965). This follows from the difference between the two types of proceedings, which is evidenced by the fact that the interference proceeding was suspended while the Patent Office examined the public use question.

■ I am not presented herein, as the Court was in Sperry Rand Corp. v. Bell Tel. Laboratories, Inc., 208 F.Supp. 598 (S.D.N.Y.1962), appeal dismissed, 317 F.2d 491 (2d Cir.1963), with a situation where the plaintiff is able to establish priority and it therefore becomes necessary for the Court to adjudicate the question of the patentability of plaintiff's invention in order to direct the issuance of a patent to plaintiff. The present situation, rather, is analogous to Sanford v. Kepner, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952), where it was held that if the trial court decides the factual issue of priority against plaintiff and thus affirms the Patent Office, plaintiff has obtained the *full* remedy the statute gives him. Since plaintiff did not raise the issue of patentability in the interference proceedings, it cannot, in addition to a review of the Patent Office decision on priority, litigate the issue of patentability of defendant's application for the first time in the trial court. Howard Plastics, Inc. v. Traver Investments, Inc., 138 USPQ 568 (S.D.Ill.1962).

E. I. du Pont de Nemours & Co. v. Celanese Corp., 291 F.Supp. 428 (S.D. N.Y.1968) is clearly distinguishable, since the question of patentability therein had been considered by the Primary Examiner on the motion to dissolve the interference.

Accordingly, and for the foregoing reasons, defendant's motion is granted.

So ordered.