**Herward A. VOGEL and Minnesota Mining and Manufacturing Company, Appellants,**

v.

**Michael Edward Benet JONES and Imperial Chemical Industries Limited.**

No. 72–1237.

United States Court of Appeals, Third Circuit.

Argued June 27, 1972.

Decided July 13, 1972.

See also, D.C., 346 F.Supp. 1005.

Stanley G. DeLaHunt, Kinney, Alexander, Sell, Steldt & DeLaHunt, St. Paul, Minn., Richard A. Graddock, Walter J. Fessler, Lum, Biunno & Tompkins, Newark, N. J., for plaintiffs-appellants; William G. Ewert, Terryl K. Qualey, St. Paul, Minn., of counsel.

Edgar H. Martin, Cushman, Darby & Cushman, Washington, D. C., Paul N. Kokulis, Washington, D. C., for defendants-appellees; Raymond M. Tierney, Jr., Shanley & Fisher, Newark, N. J., of counsel.

Before SEITZ, Chief Judge and VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The parties to this appeal seek to be named first inventor of certain moldable plastic compositions in administrative proceedings pending in the United States Patent Office under 35 U.S.C. § 135 (Interference Nos. 96,167 and

96,500).[1] By opinion and order of February 8, 1972, the district court dismissed as moot this ancillary action brought by plaintiffs, pursuant to 35 U. S.C. § 24, to secure discovery for use in such proceedings. Although considerable delay in the determination of this action has unfortunately resulted from the prior appeals (see Vogel v. Jones, *supra*), the appeals cited in note 4 below, and this appeal, and despite some concern regarding the manner in which this August 1970 action was handled in the district court following the remand of the case to it in June 1971, we have concluded, after a careful review of the record, that the abovementioned district court order was not erroneous.[2]

Under the circumstances presented by the record in this appeal, where the Assistant Commissioner of Patents has repeatedly made clear [3] that plaintiffs had no right to take testimony in this interference proceeding and hence production of evidence by ancillary discovery proceedings was moot, the February 8, 1972, district court order will be affirmed.[4]

1. The background facts are set forth in our decision on a previous appeal from a district court order denying plaintiffs' attempts to secure discovery under 35 U.S.C. § 24 in these proceedings and need not be repeated here. See Vogel v. Jones, 443 F.2d 257 (3d Cir. 1971). Discovery has also been available in the Patent Office in interference cases since May 12, 1971. See 37 C.F.R. § 1.287.

2. Congress has provided two methods of appeal from "decisions of the board of patent interferences on the question of priority." See 35 U.S.C. §§ 141 and 146. Plaintiffs have already filed a civil action under 35 U.S.C. § 146, challenging a default order awarding priority of invention to defendants entered on November 24, 1971, in Interference No. 96,500 (Civil Action No. 147–72 in the United States District Court for the District of Columbia). Plaintiffs should not be prejudiced in that district court action by any failure on their part to act in such interference proceeding as a result of this court's stay order of August 25, 1971. Compare page 2 of the abovementioned Memorandum Order of November 24, 1971 (Paper No. 75 in Patent Interference No. 96,500, 218a).

3. See Decision of February 10, 1971, Decision of April 1, 1971, refusing to modify such February 10 Decision, Decision of May 12, 1971, by Board of Patent Interferences denying motion under Rule 243, requesting the setting of a testimony period, and Decision of June 25, 1971. In the abovementioned May 12, 1971, Decision, this language appears:

"In addition, we note that the question of 'Jones' entire course of conduct, etc. was raised in the motion for leave to file further argument, et seq., filed by Vogel on November 7, 1968. *See 2, supra.* The Motion was dismissed as untimely and Vogel did not petition from the dismissal. At this late date, said issue is a fortiori untimely."

In the June 25, 1971, Decision, the Assistant Commissioner of Patents said:

"The purpose of 35 U.S.C. 24 is to enlist the powers of the federal courts to assist in the conduct of contested cases in the Patent Office. The provisions of that section are of assistance in interference cases only when results of action thereunder may be material in the determination of priority. In this case where the sole question is the benefit of a prior application by one of the parties, which question is normally readily determined from official records, it is not considered that discovery would be useful."

4. In view of this affirmance, the appeals (Nos. 71–1738 and 71–1739) from the district court order of August 3, 1971, denying the plaintiffs' request for a temporary injunction enjoining all parties and their agents and attorneys from further proceedings in the Patent Office in Interferences Nos. 96,167 and 96,500, will be dismissed as moot.