Herward A. VOGEL, and Minnesota Mining and Manufacturing Company,
Plaintiffs,

v.

Michael Edward Benet JONES and Imperial Chemical Industries, Limited,
Defendants.

Civ. A. No. 147-72.

United States District Court,
District of Columbia.

July 20, 1972.

Ellsworth H. Mosher, Stevens, Davis, Miller & Mosher, Arlington, Va., Stanley G. DeLaHunt, Kinney, Alexander, Sell, Steldt & DeLaHunt, St. Paul, Minn., for plaintiffs.

Edgar H. Martin, Paul N. Kokulis, Cushman, Darby & Cushman, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

This is an action under 35 U.S.C. § 146 to set aside a determination by the Patent Office in an interference proceeding awarding to defendants rights of priority to a patent involving a heat resistant plastic called Polybicycloarylsulfones. The case is now before the Court on defendants' motion for summary judgment, plaintiffs' motion to remand the case to the Patent Office, and the oppositions thereto. The Court has reviewed a record of the interference proceedings before the Patent Office, the briefs, and the matters raised on oral argument.

Interference No. 96,500 (hereafter P. I.) was declared on August 26, 1968, between plaintiff Vogel's United States patent No. 3,321,449, and defendant Jones' United States patent application No. 320,508. At the outset it was determined that defendant Jones could rely on a November 6, 1962, British application date and thus was the senior party in the interference. Vogel as junior party accordingly had the burden of proof. 37 C.F.R. § 1.252.

During the motions period, the plaintiffs filed a motion to dissolve under Rule 231(a) (1) which stated that the Jones British applications did not disclose the specific subject matter of the counts of the interference. The Patent Examiner ruled that these counts were "inherent" in the Jones applications and accordingly denied the motion. P.I. Decisions on Motions, July 18, 1969.

After a temporary suspension of the interference and after several extensions of time within which plaintiff was re-

quired to take testimony, plaintiffs were repeatedly warned by the Patent Office that further extensions would not be allowed, P.I., Paper No. 18, June 18, 1970; Paper No. 28, September 8, 1970; Paper No. 35, October 13, 1970. On August 6, 1970, plaintiffs filed a civil action in the United States District Court for the District of New Jersey (Civil Action No. 1059–70) in order to get discovery of foreign documents from defendants and attempted unsuccessfully to get the interference suspended until the discovery was obtained. Plaintiffs then apparently decided to ignore the Patent Office proceeding and focused all their energy on this ancillary discovery proceeding.

After six extensions of dates, on August 20, 1971, the last deadline within which plaintiffs were required to take testimony in the patent proceeding ran out. P.I., Paper No. 70, June 30, 1971. Five days later, on August 25, 1971, the Third Circuit granted a motion submitted by plaintiffs for a stay restraining both plaintiffs and defendants from further proceedings before the Patent Office.* On September 16, 1971, the Patent Office, which was not before the Court in the Third Circuit case, issued an order, as required by Patent Office Rule 252, 37 C.F.R. § 1.252, for plaintiffs to show cause why judgment should not be entered against plaintiff for his failure to present testimony during the allotted time period, P.I., Paper No. 73, September 16, 1971. Plaintiffs, relying on the Third Circuit order, declined to respond to this show cause order, and on November 24, 1971, the Board of Patent Interferences awarded priority to defendants in what amounted in effect to a default judgment to defendants as the senior party. P.I., Paper No. 75, November 24, 1971.

On oral argument before the Court, plaintiffs stated that they now wish to pursue their discovery before this Court. The discovery proceeding before the Third Circuit was dismissed as moot. Vogel v. Jones, 464 F.2d 573 (3rd Cir. July 13, 1972). Upon conclusion of this discovery, plaintiffs then wish to present evidence to this Court on three issues: whether the Jones applications disclosed the specifics of the counts of the interference; whether the Jones British date was the "first filed" application by Jones or his "assigns," as required by 35 U.S. C. § 119; and whether there were procedural irregularities in the Jones British applications. Only the first issue was raised during the motions period and on none of the issues did plaintiffs produce any testimony before the Patent Office.

A section 146 proceeding such as the present case, although nominated a "trial de novo," is in reality a review of a patent proceeding by the unsuccessful party, in which courts will allow certain supplementary evidence. A presumption of regularity attaches to the decisions of the Patent Office; and evidence can only be introduced with regard to issues previously raised before the Patent Office, supported by testimony before the Patent Office, and on which the Patent Office has ruled on the merits. Monsanto Co. v. Kamp, 269 F.Supp. 818, 822, 823 (D.D.C.1967); Polaroid Corporation v. Horner, 197 F.Supp. 950, 954 (D.D.C. 1961); Radio Corporation of America v. Philco Corporation, 201 F.Supp. 135, 143 (E.D.Pa.1961), affirmed, 309 F.2d 397 (3rd Cir. 1962). "Claims not considered by the Patent Office on the merits are not properly reviewable by the Court." Potter Instrument Co. v. Mohawk Data Sciences Corp., 309 F.Supp. 866, 867 (S. D.N.Y.1969). "An orderly policy of judicial administration dictates that a par-

---

* The order simply stated that, "The foregoing Motion is granted pending hearing upon the merits of this pending appeal." The motion referred to was a motion of Vogel for an order "enjoining all parties and their officers, agents, serv- ants, employees and attorneys from further proceedings in the United States Patent Office in this matter." Vogel v. Jones, Appeal Nos. 71–1738 and 71–1739 (3rd Cir., August 25, 1971).

**1008**

ty in any adversary proceeding, including an interference, should not be permitted to circumvent initial stages in the prosecution of his cause by raising totally new issues at the review or appellate levels . . . ." Radio Corporation of America v. Philco Corporation, *supra*, 201 F.Supp. at 143.

After raising one matter at the motions stage, plaintiffs unsuccessfully sought to postpone that testimony period in order to allow themselves the time to pursue discovery in the ancillary discovery proceeding in the Third Circuit. Undoubtedly, as the Third Circuit held, plaintiffs had a right under 35 U.S.C. § 24 to file an ancillary discovery proceeding. Vogel v. Jones, 443 F.2d 257 (3rd Cir. 1971), cert. denied, 404 U.S. 987, 92 S.Ct. 451, 30 L.Ed.2d 371 (1971). However, once the Patent Office properly determined, as they did here, that plaintiffs had not shown that discovery was necessary in order to present testimony before the Patent Office, plaintiffs were then under an obligation, while they pursued their discovery elsewhere, to proceed concurrently before the Patent Office with what evidence they had, or be precluded from presenting any evidence thereafter. If this were not the rule, staggered ancillary discovery proceedings could stall Patent Office proceedings indefinitely.

Here the Patent Office Examiner analyzed the request for discovery and determined that discovery was unnecessary with regard to the only issue properly raised in the motions period—the issue of what was inherently disclosed in the British application—since plaintiffs could use their own experts to testify about what was inherently disclosed by the British application and what was not. This Patent Office decision was reasonable. Plaintiffs were unable to show why discovery was necessary and the Patent Office had the right to require plaintiffs to at least proceed with what testimony they had. If plaintiffs had complied with this ruling, and if unexpectedly as a result of the ongoing ancillary discovery proceeding, new evidence had been uncovered, plaintiffs then could have introduced this new evidence before a United States District Court in a subsequent § 146 proceeding. For the same reasons that the Patent Office decision was reasonable, plaintiffs' decision to defy the Patent Office rulings was untenable. Accordingly, on the issue of "inherency" which plaintiffs raised during the motions period but upon which no testimony was taken, plaintiffs are precluded from presenting supplementary evidence in this § 146 proceeding by their failure to abide by the Patent Office procedures and rulings. 37 C.F.R. § 1.252; Rivise and Caesar, Interference Law and Practice, § 364, *et seq.*

As to the other two issues which plaintiffs wish to pursue before this Court, plaintiffs not only did not produce any testimony before the Patent Office, but, more basically, did not raise the issues during the motions period in violation of the Patent Rules, 37 C.F.R. §§ 1.231, 1.252, and 1.258. Thus plaintiffs are precluded from presenting evidence on these issues as well. *Cf.*, Rivise and Caesar, *supra*, §§ 216, 370.

The only remaining issue before the Court is whether the Patent Office proceeded properly in issuing a show cause order after the Third Circuit's stay order. This stay came at the eleventh hour after final testimony deadline had passed unheeded by plaintiffs. The order was made on plaintiffs' own motion and appears to have been obtained in order to forestall the final reckoning which by that time was a foregone conclusion. The Patent Office was required by its own rules to issue the show cause order. 37 C.F.R. § 1.252. Since the Patent Office was not before the Court in the Third Circuit case, the court stay order did not run as to the Patent Office. Furthermore, as the Board of Patent Interferences correctly stated in their opinion, "Presumably, had Vogel, as the moving party, requested it, the Court of Appeals would have

vacated the stay order, and Vogel could then have answered the order to show cause by requesting a determination by the Board of Patent Interferences on final hearing of the question of Jones' reliance on his British application." P.I., Paper No. 75, November 24, 1971. Accordingly, the Court finds no fault with the issuance of the show cause order.

■ For over two years, plaintiffs have stalled and defied the Patent Office with what generally appear to be dilatory practices. Section 146 proceedings should not be employed to circumvent the Patent Office rules and procedures and effectuate further unwarranted delay. The Court cannot and should not ignore the stultifying effect of legal maneuvering which plaintiffs' activities in this case so well illustrate. The simple question of priority at the heart of this case has brought the parties before at least five federal courts; ** and in 1972, the matter is in no different status than it was in 1968 when Interference 96,500 was first declared. It is not the purpose of the judicial review procedures of the patent laws, 35 U.S.C. § 146, to provide large companies with endless opportunity to delay, to wear down rivals, and to confuse the efforts of the Patent Office to promote science and the useful arts in an expeditious manner. The courts must preserve the dignity and regularity of Patent Office procedures and not permit irrelevancies and obfuscations to unduly delay patent priority disputes.

Summary judgment is granted for defendants, plaintiffs' motion to remand is denied, and the case is dismissed. So ordered.

** In addition to Vogel v. Jones, *supra*, which was an ancillary discovery proceeding started in the United States District Court for the District of New Jersey which proceeded to the Third Circuit and finally up to the Supreme Court where *certiorari* was denied, plaintiffs also filed a civil suit entitled Vogel v. Gottschalk, Civil Action No. 457–71–A, in the United States District Court for the Eastern

District of Virginia, Alexandria Division, in which they unsuccessfully attempted to utilize the Administrative Procedure Act, 5 U.S.C. §§ 701–706, to vacate and set aside the November 24, 1971, decision of the Commissioner of Patents. The Court considering the instant law suit is thus the fifth federal court to consider this case.