**Herbert MILBERT**

v.

**BISON LABORATORIES, Inc., and The Baltimore and Ohio Railroad Company.**

United States Court of Appeals
Third Circuit.

Submitted Oct. 20, 1958.

Decided Oct. 28, 1958.

Suto, Power, Goldstein & Walsh, Marvin D. Power, Pittsburgh, Pa., for plaintiff.

Meyer, Darragh, Buckler & McDonnell, Kim Darragh, Pittsburgh, Pa., for defendant Bison.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

Bison Laboratories, Inc., one of the defendants in a civil action pending in the United States District Court for the Western District of Pennsylvania, has made application to this court for permission to appeal from the order of that court entered September 24, 1958, refusing its motion to quash the service of summons and dismiss the action. The application is stated to be made under section 1292(b) of title 28 United States Code, as added by the Act of September 2, 1958, Public Law 85–919, 72 Stat. 1770, which provides as follows:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

■■ It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely. Thus in the report of the Committee on the Judiciary of the House of Representatives on the bill it is stated:

"Congress, in the past, has recognized the necessity for and now permits a right of appeal from interlocutory orders in a limited number of cases. Section 1292 of title 28 United States Code, permits appeals from interlocutory or nonfinal orders in certain types of receivership actions, admiralty decrees and patent cases as well as from orders granting or denying injunctive relief. There are, however, other kinds of cases where interlocutory appeals are needed. There should be some way, for example, in long-drawn-out cases such as antitrust and conspiracy cases, to dispose of vital questions which are raised in the trial without having to wait for the taking of testimony and the con-

clusion of the trial before the questions can be finally determined on appeal. Without cataloging all of the cases in which interlocutory appeals could be proper, the following categories are those which would generally be affected: (*a*) cases where an accounting is necessary upon an adjudication of liability under a contract, (*b*) cases where a long trial would be necessary for the determination of liability or damages upon a decision overruling a defense going to the right to maintain the action, (*c*) cases involving third party defendants where there would be no reason for continuing the actions if the third parties could not be held liable and (*d*) causes relating to the transfer of the action where it is claimed that the transfer is not authorized by law.

"It is felt that the instant bill, in permitting appeals in nonfinal orders, will not only save protracted and expensive litigation, but, with its built-in safeguards, prevent numerous and groundless appeals to our appellate courts. To begin with, before an appeal can be had, the district court must certify in writing that the order involves a controlling question of law and that an immediate appeal may materially advance the ultimate determination of the case. In addition, the court of appeals must also be of the same opinion before the appeal can be had. To prevent dilatory tactics, the bill further provides that there shall be no stay of proceedings in the district court unless either the district court or one of the judges of the court of appeals or the court itself orders a stay.

"There is made a part of this report a report to the Judicial Conference of the United States, which sponsors this legislation. *Your committee adopts with approval the view contained therein that appeals under this legislation should only be*

*used in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not to be used or granted in ordinary litigation wherein the issues raised can otherwise be properly disposed of.*"[1] [Emphasis supplied.]

And in the report made on the bill by the Committee on the Judiciary of the Senate it is said:

These examples give some indication of the desirability of this legislation. *However, while it may be desirable to permit appeals from any interlocutory order in certain instances, the indiscriminate use of such authority may result in delay rather than expedition of cases in the district court. Obviously, such appeals should not be allowed if they are filed solely for the purpose of delay or are based upon spurious grounds.* In order to eliminate such appeals the bill is cast in such a way that the appeal is discretionary rather than a matter of right. It is discretionary in the first instance with the district judge *for he must state in writing as a part of his order* that it is his opinion that the order involves a controlling question of law concerning which there is substantial doubt and he must further state that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

"The application for such an appeal is also discretionary with the litigant since he must make the application, though it is considered likely that, upon the issuance of such a statement in an order by the district judge, counsel would ordinarily file such an application with the appropriate circuit court of appeals.

"The granting of the appeal is also discretionary with the court of appeals which may refuse to enter-

tain such an appeal in much the same manner that the Supreme Court today refuses to entertain applications for writs of certiorari.

"It should be made clear that if application for an appeal from an interlocutory order is filed with the court of appeals, the court of appeals may deny such an application without specifying the grounds upon which such a denial is based. It could be based upon a view that the question involved was not a controlling issue. It could be denied on the basis that the docket of the circuit court of appeals was such that the appeal could not be entertained for too long a period of time. But whatever the reason, the ultimate determination concerning the right of appeal is within the discretion of the judges of the appropriate circuit court of appeals.

. *"Another protection against delay which is contained in this legislation is the provision which requires a litigant to make application within 10 days after the entry of the order if he desires to take such an appeal.* A further protection against delay is contained in the provision which requires that application for an appeal pursuant to this legislation will not stay proceedings in the district court unless such a stay is ordered by the district judge, the court of appeals, or a judge thereof.

"The committee believes that this legislation constitutes a desirable addition to the existing authority to appeal from interlocutory orders of the district courts of the United States. It has been a matter of considerable notoriety that many of the district courts of the United States have a substantial backlog of cases. Some of these backlogs are so severe as to require litigants to await trial for a period up to 4 years. The substantial delay in the trial of such cases may often result

1. House Report No. 1667, 85 Cong.2d Sess., pp. 1, 2.

in the denial of justice. Any legislation, therefore, appropriately safeguarded, which might aid in the disposition of cases before the district courts of the United States by saving useless expenditure of court time is such as to require the approbation of all those directly concerned with the administration of justice in the United States. The committee believes that this is such a proposal and that its utilization may well prove of considerable benefit in the disposition of cases before the district courts. *The committee, however, desires to point out that the ultimate success of a proposal such as this must, in the final analysis, depend upon the wisdom of the judges who must administer it, and the good faith of the litigants who utilize it.* If the discretion which this legislation affords is properly used, the procedures of this legislation should result in improving the administration of justice within the Federal court system. For these reasons, the committee believes that the legislation is desirable and should be favorably considered." [2] [Emphasis supplied.]

■ We think that the conclusion is inescapable that the conditions precedent to the granting by this court of permission to appeal which are laid down by the new section 1292(b) are to be strictly construed and applied. It will be observed that the new law lays down two such conditions which must be complied with before the court of appeals may entertain an application for permission to appeal from an otherwise unappealable order of the district court, such as the one here sought to be appealed from. The first is that the district judge making the order sought to be appealed from shall have stated in writing "in such order" that in his opinion "such order involves a controlling question of law as to which there is substantial ground for difference of opin-

ion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." And the second is that the application for permission to appeal must be made to the court of appeals "within ten days after the entry of the order" sought to be appealed from.

In the present case neither condition has been complied with. In the first place the order sought to be appealed from does not contain the statement by the district judge which the law requires. On the contrary, no such statement was made by the district judge until October 7, 1958, 13 days after the entry of the order sought to be appealed from and 3 days after the statutory time for making application to this court for permission to appeal had expired. And in the second place the application itself was not presented to this court until October 14, 1958, 10 days after the expiration of the period of 10 days limited by the statute for doing so.

■ We do not overlook the fact that under Rule 59(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the district court has the power to amend an order pursuant to a motion served not later than 10 days after entry of the order, and that under Rule 73(a) the running of the time for appeal is terminated by a timely motion to amend made pursuant to Rule 59(e) and the time for appeal commences to run and is to be computed from the entry of the order granting or denying the motion to amend. It is entirely possible, therefore, that, upon a motion served within 10 days after the entry of an interlocutory order, the district judge might amend that order by inserting therein his statement that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, if in the exercise of his independent judgment he should conclude

---

2. Senate Report No. 2434, 85 Cong.2d Sess., pp. 3, 4.

this to be true. It would seem clear that if the district judge should thus amend his prior order on timely motion the running of the period of 10 days for making application to the court of appeals for permission to appeal would be tolled and would commence to run again from the date of entry of the order of amendment. But this cannot avail the present applicant since the district judge's order of October 7, 1958 in this case did not purport to amend the order of September 24, 1958 here sought to be appealed from and in any event it was not made on a timely motion to amend that order but rather on a motion by defendant's counsel for the review of the order by the United States Court of Appeals for the Third Circuit, a motion which could not enlarge the statutory period of 10 days for making application to this court for permission to appeal from the order in question.

The application for permission to appeal will accordingly be dismissed.