Louis **MAZZELLA** et al.

v.

Chris **STINEMAN** et al.

Civ. A. No. 79–465.

United States District Court, E. D. Pennsylvania.

June 22, 1979.

Neil E. Jokelson, Philadelphia, Pa., for plaintiff.

Stephen G. Fox, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiffs filed the complaint in this diversity action on February 6, 1979. They seek damages from three defendants—an individual and two corporations—for breach of contract and for certain tortious conduct. Defendants are Chris Stineman, Cambria Excess, Inc., and Amherst Insurance Company. Presently before me is Stineman's motion to dismiss or transfer this action on the ground of improper venue.[1] For the reasons hereafter stated, I conclude that Stineman's motion should be granted and that this action should be transferred to the Western District of Pennsylvania. 28 U.S.C. § 1406(a) (1976).

Before I turn to the venue problem raised by Stineman's motion, one threshold question requires a brief comment. The complaint alleges that plaintiff Colonial Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. Complaint ¶ 3. Thus, Colonial Insurance Company is a citizen of Pennsylvania for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c) (1976). The individual defendant is a citizen of Pennsylvania and the two corporate defendants— Cambria Excess, Inc. and Amherst Insurance Company—are Pennsylvania corporations with their principal places of business in Pennsylvania, Complaint ¶¶ 5, 6, so that they, too, are citizens of Pennsylvania in this context. As I pointed out at oral argument, complete diversity of citizenship is lacking. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). However, plaintiffs' counsel recently withdrew plaintiffs' fourth cause of action, the only claim that involved the non-diverse corporate plaintiff, and thereby remedied this jurisdictional defect. *See generally Wolgin v. Atlas United Fin. Corp.*, 397 F.Supp. 1003, 1008–13 (E.D.Pa.1975), *aff'd mem.*, 530 F.2d 963, 966 (3d Cir. 1976).

The venue problem is more difficult. Stineman, the individual defendant, resides in the Western District of Pennsylvania. Complaint ¶ 4. Cambria Excess, Inc. and Amherst Insurance Company, the two corporate defendants, are Pennsylvania corporations with their principal places of business in the Western District of Pennsylvania. *Id.* ¶¶ 5, 6. In order to demonstrate that venue in the Eastern District of Pennsylvania is proper, plaintiffs invoke two separate provisions of the Judicial Code. First, plaintiffs refer to 28 U.S.C. § 1391(c) (1976), which provides in pertinent part that

---

1. Stineman and Amherst Insurance Company also seek, in the alternative, a transfer under 28 U.S.C. § 1404(a) (1976) to the Western District of Pennsylvania. Document No. 4. My disposition of Stineman's motion makes it unnecessary for me to consider whether a § 1404(a) transfer would be proper here.

"[a] corporation may be sued in any judicial district in which it . . . is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Because both corporate defendants do business in the Eastern District of Pennsylvania, plaintiffs argue, they are residents of this district by reason of section 1391(c).[2] Plaintiffs then point to 28 U.S.C. § 1392(a) (1976), which provides that "[a]ny civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." They argue that section 1392(a) applies because Stineman resides in the Western District of Pennsylvania, whereas the two corporate defendants, by virtue of doing business here, reside in the Eastern District of Pennsylvania. Under these circumstances, plaintiffs contend, section 1392(a) permits them to choose either district as the forum. I disagree.

Admittedly, two decisions by the late Judge Wood of this district support plaintiffs' position. *See De George v. Mandata Poultry Co.,* 196 F.Supp. 192 (E.D.Pa.1961); *Minter v. Fowler & Williams, Inc.,* 194 F.Supp. 660 (E.D.Pa.1961). On the other hand, a contemporaneous decision by Judge Kraft of this district rejected that approach to the venue statutes. *See Johnson v. B. G. Coon Constr. Co.,* 195 F.Supp. 197 (E.D.Pa. 1961). Thus, plaintiffs' assertion that "the law is clear" on this point cannot be viewed as accurate. Plaintiffs' Memorandum of Law (Document No. 9) at 3.

In any event, the question need not be decided solely by reference to precedent. Professor Wright has canvassed the various arguments on both sides, and his [3] commentary, set out below, persuades me that plaintiffs should not be permitted to use section 1392(a) as they seek to do:

"Suppose that a corporation is doing business in every district of a state, or by one of the other tests [of section 1391(c)] is deemed a resident of every district. Suppose further that an individual codefendant resides in the Western District of the state. Does 28 U.S.C.A. § 1392(a) allow suit to be brought against both defendants in the Eastern District? Some cases hold that it does, reasoning that the corporation resides in the Eastern District, the individual in the Western District, and Section 1392(a) controls. The argument to the contrary, which also has case law support, is that both the individual and the corporation are residents of the Western District and there is no need to resort to Section 1392(a). The legislative history is silent on this nice question. The language of Section 1392(a) lends some support to the view that it does not apply, since it speaks of 'defendants residing in different districts in the same state,' but this is less clearcut than if it was applicable only when there were 'defendants residing in the state but not residents of the same district.' The strongest argument is one of policy. The evident purpose of Section 1392(a), a statute with origins dating back to 1824, is to permit a single suit in a situation in which two suits otherwise would be required. This purpose can be accomplished without resort to Section 1392(a) in the hypothetical situation that has been posed, since a single suit can be brought in the Western District. There is no reason to bring the individual defendant, resident in the Western District, to defend a lawsuit in the Eastern District, when the suit can be conveniently heard in the Western District where both defendants reside."

15 C. Wright, A. Miller & H. Cooper, Federal Practice & Procedure § 3811 at 75–76 (1976) (footnotes omitted).

Plaintiffs have not come forward with any countervailing policy considerations that might support their interpretation of section 1392(a). Professor Moore endorses

---

**2.** Defendants do not dispute that both Cambria Excess, Inc. and Amherst Insurance Company do business in the Eastern District of Pennsylvania.

**3.** This commentary appears, almost verbatim, in C. Wright, Law of Federal Courts § 42 at 175 (3d ed. 1976).

plaintiffs' position, albeit unenthusiastically, because section 1392(a) itself draws no distinction between cases involving both corporate and individual defendants, on the one hand, and cases involving multiple corporate defendants, on the other. 1 Moore's Federal Practice ¶ 0.143[1] at 1454–56 (2d ed. 1948). His point seems to be that in a case of the latter sort, if the defendants were, say, (1) a Delaware corporation with its principal place of business in the Western District of Pennsylvania, and (2) a Nevada corporation, with its principal place of business in the Western District of Pennsylvania, that does business in the Eastern District of Pennsylvania, then venue in the Eastern District of Pennsylvania would be proper because the Nevada corporation is (by section 1391(c)) a resident of the Eastern District, so that the two corporations could be said to reside in different districts within the same state under section 1392(a).[4] *Id.* 1455. Thus, the argument goes, why not permit plaintiffs to manipulate section 1392(a) in this fashion where some of the defendants are individuals? The answer, in my view, is that the problem arises from the interplay of sections 1391(c) and 1392(a), and that Congress, in enacting section 1391(c), *did* distinguish between individuals and corporations, with the manifest purpose of increasing corporations' amenability to suit. I therefore see nothing wrong with reading that distinction into section 1392(a) when a plaintiff invokes *both* provisions in order to obtain a wider choice of fora.

For the reasons stated above, I am unwilling to interpret section 1392(a) to afford plaintiffs the opportunity to bring this action in the Eastern District of Pennsylvania. Even Professor Moore concedes that "[t]oday the principal purpose of § 1392(a) is to relieve the plaintiff of the necessity of bringing more than one suit in those cases where several defendants reside in different districts of the same state." *Id.* 1452. That purpose plainly would not be served

by permitting this action to proceed in this district, and so I see no reason to read that statute as broadly as plaintiffs would have me do. I shall therefore enter an order transferring this action to the Western District of Pennsylvania, where it concededly "could have been brought." 28 U.S.C. § 1406(a) (1976).

■ Finally, plaintiffs request that I certify the venue question for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1976). The statute authorizes a district judge to certify for appeal a nonfinal order that "involves a controlling question of law as to which there is substantial ground for difference of opinion," if he believes "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." I agree with plaintiffs that there is substantial ground for difference of opinion on the venue question, given the conflicting decisions within this district. Nevertheless, I believe that certification here would be improper.

Plaintiffs' argument runs along these lines. Section 1406(a) authorizes the transfer of an action brought in a district where venue is improper. Under *Gulf Research & Development Co. v. Leahy,* 193 F.2d 302 (3d Cir. 1951), *aff'd per curiam by an equally divided Court,* 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668 (1952), an order transferring a case (under section 1406(a)) from a district in which venue was actually proper is per se reversible error. Thus, if plaintiffs do not prevail at trial in the Western District of Pennsylvania, and if the court of appeals agrees with plaintiffs' reading of the venue statutes, then it would vacate the judgment entered in the Western District and grant plaintiffs a new trial in this district. Accordingly, because the court of appeals may well adopt plaintiffs' interpretation of the venue statutes, an immediate appeal might obviate the need for a second trial and thus materially advance the ultimate termination of the litigation. Therefore, plaintiffs conclude, certification is appropriate.

---

4. I shall assume for present purposes that this approach would be proper in a case involving multiple defendant corporations, although the decisions in this district conflict. *Compare*

*Hawks v. Maryland & Pa. R.R.,* 90 F.Supp. 284 (E.D.Pa.1950) *with Johnstone v. York County Gas Co.,* 193 F.Supp. 709 (E.D.Pa.1961).

The Court of Appeals for the Third Circuit has cautioned, however, that "section 1292(b) should be sparingly applied." *Milbert v. Bison Laboratories,* 260 F.2d 431, 433 (3d Cir. 1958). In *Milbert,* the court went on to say that section 1292(b) "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Id.* This limitation, derived largely from the legislative history of the statute, is now "clearly established" in this circuit. Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),* 88 Harv.L.Rev. 607, 627 n. 87 (1975). It stands as "an additional independent criterion" that must be satisfied by the party seeking certification. *Id.* 625. So far as I can tell from the record, this is an ordinary case, rather than an exceptional one. I see no reason to believe that the trial of plaintiffs' claims will be either protracted or exceptionally costly. Thus, the savings that would result from the possible avoidance of an unnecessary *second* trial is not so significant as to warrant allowance of an immediate appeal. This case falls outside the reach of section 1292(b), as interpreted in this circuit.