**Benjamin DORWARD**

v.

**CONSOLIDATED RAIL CORPORATION and Quick Service Taxi Co. Inc.**

**Civ. A. No. 80–0469.**

United States District Court,
E. D. Pennsylvania.

Dec. 4, 1980.

Mitchell A. Kaye, Philadelphia, Pa., for plaintiff.

S. S. Frazee, Philadelphia, Pa., for Conrail.

Phillip B. Silverman, Philadelphia, Pa., for Quick Service Taxi.

## MEMORANDUM

TROUTMAN, District Judge.

The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), authorizes district court judges to permit parties to appeal an interlocutory order where the judge finds that the order involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation". In the case at bar the third-party defendant requests permission to appeal an order denying its motion to dismiss and concluding that the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S.

§ 1009.101, *et seq.* (Purdon Supp. 1980), did not preclude indemnification from a party causing a motor vehicle accident for liability incurred independently under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq. See Dorward v. Consolidated Rail Corp.*, 500 F.Supp. 99 (E.D.Pa.1980).

 Appeals from interlocutory orders should be reserved for exceptional cases where harm to a party *pendente lite* and waste of trial time and litigation expenses can be avoided. *Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974), *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3d Cir. 1958). *Cf. Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1977) ("[t]he exception is a narrow one and is keyed to the need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequences"). An order involves a controlling question of law if, on appeal, a determination that the decision contained error would lead to reversal. *Katz v. Carte Blanche Corp., supra.* In the case at bar the parties agree that the challenged order concerns a controlling question of law.

Substantial grounds for difference of opinion may be demonstrated by adducing conflicting and contradictory opinions of courts which have interpreted and ruled upon the particular question of law. *Mazzella v. Stineman*, 472 F.Supp. 432 (E.D.Pa. 1979). In the case at bar only two other courts appear to have decided the instant issue. Both agree with the conclusion reached by this Court. *See Penn Central Corp. v. Checker Cab Co.*, 488 F.Supp. 1225 (E.D.Mich.1980) and *Ross v. Penn Central Transportation Co.*, 433 F.Supp. 306 (W.D.N.Y.1977). Thus, no *substantial* ground for a difference of opinion appears on the present record.

Finally, whether allowing immediate appeal will materially advance the ultimate termination of this litigation requires, realistically, some amount of prognostication concerning the likely future course of the litigation. *Katz v. Carte Blanche Corp., supra.* The moving party must present more than "mere conjecture" to support his claim that certification will save time and expense. *In re Magic Marker Litigation*, 472 F.Supp. 436 (E.D.Pa.1979). In the case at bar the parties estimate that trial will require two days for a claim of thirty-five hundred dollars. A trial to determine liability will be necessary in any event, even if the Court of Appeals would determine that defendant may not obtain indemnification from the third-party defendant. *See In re Queeny/Corinthos*, No. 75–364 (E.D.Pa. October 31, 1980). Savings resulting from possible avoidance of an unnecessary second trial do not appear to be sufficiently significant to warrant allowance of an immediate appeal. *See Mazzella v. Stineman, supra.* Accordingly, the motion to revise the Court's previous interlocutory order will be denied.