**Frank Sturla CANALE, Plaintiff,**

**v.**

**Christian C. YEGEN, Jason Semel, Yegen Holdings Corporation and Yegen Holdings Corporation Employee Stock Ownership Plan, Defendants.**

**Civ. No. 90–2409 (HLS).**

United States District Court, D. New Jersey.

March 31, 1992.

As Amended May 5, 1992.

Mark E. Belland, Tomar, Simonoff, Adourian & O'Brien, Haddonfield, N.J., for plaintiff.

Robert A. Patria, Newark, N.J., Michael J. Dell, Kramer, Levin, Nessen, Kamin & Frankel, New York City, for defendants.

## OPINION

SAROKIN, District Judge.

Before the court is defendants' motion for reargument or, in the alternative, for certification of this court's partial denial of their motion for summary judgment for appeal to the Court of Appeals.

*Background*

On January 30, 1992, 782 F.Supp. 963, this court denied in part and granted in part a motion by defendants for summary judgment dismissing plaintiff's complaint.[1] In particular, the court denied defendants' motion for summary judgment on plaintiff's allegations of imprudent failure to diversify and prevent dissipation of Plan assets. Defendants now move for reargument of this decision pursuant to Local Rule 12(I), or, in the alternative, for certification to the Court of Appeals.

*Motion for Reargument*

Rule 12(I) of the General Rules of the United States District Court for the Dis-

---

**1.** The court relies on the description of the factual setting of this case set forth in its opinion accompanying the order entered January 30, 1992.

trict of New Jersey provides that a motion for reargument "shall be served with the notice of a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The circumstances in which reargument will be granted are sharply limited: "[l]ocal Rule 12(I) does not ... contemplate a Court looking to matters which were not originally presented, but which have since been provided for consideration." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988). Thus, the *Florham Park* court denied a motion for reargument, where the moving party could not establish that the facts newly raised by its motion had been "unavailable or unknown to it at the time of the original hearing." *Id. See also DeLong Corp. v. Raymond International, Inc.*, 622 F.2d 1135, 1140 (3d Cir.1980) (district court did not abuse its discretion in denying motion for reargument where the moving party did "not assert that the evidentiary material which it later sought to introduce on the motion for reargument was unavailable or unknown to it at the time of the original hearing"); *Merrell–National Laboratories, Inc. v. Zenith Laboratories, Inc.*, 579 F.2d 786 (3d Cir.1978) (district court was justified in rejecting new facts proffered on motion for reconsideration, where facts "could have been produced" at the time the underlying motion was brought); *Salter v. VA Medical Center*, No. 91–2437, 1991 WL 243126 (D.N.J. Nov. 19, 1991) (noting the "strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard").

In their moving papers, defendants raise the following issues which they deem to be "matters or controlling decisions" which the court overlooked in its January decision: (1) that a plaintiff seeking to avoid the bar of a statute of limitations must present clear, precise and convincing evidence of fraudulent concealment; (2) that plaintiff did not present such evidence of fraudulent concealment; (3) that plaintiff did not ground his theory of recovery on any fraudulent act by defendants; (4) that

plaintiff admitted in deposition that he was aware in May or June 1985 of all information relevant to his claim; and (5) that in the case of a series of breaches, the date of the earliest breach governs for statute of limitations purposes. Defendants urge that the court should reconsider this decision and, in light of these factual matters and legal principles, apply a three-year statute of limitations, in accordance with which, they maintain, plaintiff's claim will be time-barred. In the alternative, defendants seek certification on the following legal issues: (1) which statute of limitations governs under ERISA "where fraudulent concealment is neither alleged nor relevant;" (2) whether allegations of fraudulent concealment must be dismissed in the absence of clear, precise and convincing evidence; and (3) whether the ERISA limitations period accrues on the earliest date of which a plaintiff becomes aware of a series of breaches.

After giving careful consideration to defendants' arguments, the court finds a basis for granting their motion for reargument with respect to plaintiff's claims for nonfraudulent breach of ERISA fiduciary duties. However, on all other grounds, defendants' motion for reargument will be denied.

First, both the legal standard of fraudulent concealment and the factual showing required to support it are beside the point. The applicable statute of limitations for fraudulent breaches of ERISA fiduciary duties is provided by statute. *See* 29 U.S.C. § 1113. Plaintiff is seeking to invoke this legal limitations period, not to set aside the applicable legal rule on equitable grounds.

Thus it is irrelevant that, as defendant asserts, "a plaintiff seeking to avoid the statute of limitations must present 'clear, precise and convincing evidence of fraudulent concealment.'" Def.Mem. 6. All the cases cited by defendant concern the pleading requirement for such an equitable waiver of the statute of limitations, rather than the requirements for pleading the statute of limitations period in cases of fraud under ERISA. *See, e.g., Berkson v.*

*Del Monte Corp.*, 743 F.2d 53, 55 (1st Cir. 1984), *cert. denied*, 470 U.S. 1056, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985), *rehearing denied*, 471 U.S. 1095, 105 S.Ct. 2170, 85 L.Ed.2d 527 (1985) (plaintiff "seeks to avoid the time bar ... by ascribing his failure to bring timely suit to fraudulent concealment"). Among the cases cited by defendants, only *Connors v. Beth Energy Mines, Inc.* mentions ERISA. 920 F.2d 205 (3d Cir.1990). However, here too the ERISA statute of limitation is not considered. Rather, plaintiffs were seeking to "apply the doctrine of equitable tolling to stay the running" of a three-year Pennsylvania state law statute of limitations the applicability of which, the court noted, was undisputed by the parties. *Id.* at 211 & n. 8. When the *Connors* court mentions the requirement of "clear, precise and convincing" evidence relied upon by defendants, it is manifestly in the context of a discussion of the showing required "to toll the statute of limitations." *Id.* (quotation omitted).

▆▆▆▆ Further, although the complaint lacks precision, plaintiff did allege fraud as a basis for recovery. Plaintiff alleged that:

> During the period from 1981 through 1985, defendants Semel and Yegen participated in the filing of false or misleading financial statements regarding Integrity Insurance and fraudulent inter-company transfers regarding the companies controlled by Defendant Yegen or his family, including the Integrity Financial Group and the Defendant corporation.

Complaint ¶ 36. The court finds that these allegations are incorporated in, and the basis for, plaintiff's claim that defendants breached their fiduciary duties as ERISA plan administrators, including their duties of prudent diversification and care.[2] *See* Complaint ¶ 41.

Plaintiff's admissions in the transcript, even to the extent they establish that he was aware of the deteriorated financial condition of Integrity Insurance more than three years before commencement of this suit, do not establish that plaintiff filed his complaint out of time, since plaintiff alleges fraudulent breaches which, under ERISA, are subject to a six year statute of limitations. Defendant does not claim that six years elapsed between the date on which plaintiff allegedly discovered defendant's fraud and the commencement of this action. Plaintiff's admissions in his deposition are therefore not determinative of the viability of his action, to the extent it rests on claims of fraud. For the same reason, defendant's claim that the limitations period begins to run from the initial breach in a series of breaches is not relevant to determining the viability of plaintiff's fraud-based claim.

In its January opinion, the court dismissed Count 1 of plaintiff's complaint, insofar as it alleged that defendants had breached their fiduciary duty by failing to distribute asset sale proceeds. The court further stated that:

> plaintiff's other claims under Count 1—alleging that defendants failed to diversify the Plan's holdings despite defendants' knowledge that Integrity's financial condition was deteriorating due to their own fraudulent acts—are comfortably within the six-year statute of limitations applicable to acts of fraud and concealment under the statute.

782 F.Supp. at 971. The court continues to be convinced of this proposition. However, it appears to the court that there may have been an ambiguity in its January opinion, since plaintiff's complaint could be interpreted as alleging non-fraudulent breaches of defendants' fiduciary duties other than those allegedly associated with the failure to distribute asset sale proceeds. The January opinion did not directly address the viability of such claims. Yet these claims could have a bearing on this proceeding if plaintiff were unable to establish the fraud element in its complaint. Accordingly, the court will grant defendants' motion for reargument for the limited purpose of clarifying its earlier holding in this regard.

---

**2.** Defendants raise a claim, for the first time, in their reply brief to the present motion for reconsideration, that plaintiff has not pleaded the elements of a fraud claim with particularity.

The court finds the pending motion for reconsideration an inappropriate context in which to raise what is essentially a claim under Federal Rule of Civil Procedure 9(b).

■ As discussed in this court's January opinion, the statute of limitations under ERISA where no fraud has been alleged is "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113. The statute of limitations on a claim that an ERISA fiduciary has breached its duty of prudent diversification will therefore run, at the latest, from the point at which plaintiff had actual knowledge that economic circumstances rendered the Plan's investments so risky that a prudent person familiar with such matters would act to minimize the risk of large losses by diversification, and that the Plan administrator had failed to do so.

■ Plaintiff stated in deposition testimony that he was aware of the problem with Integrity Insurance in mid 1985 and that he first learned that Integrity was essentially insolvent in May or June of 1985. Canale Dep. at 35–36, 211–12 (Plaintiff App. A). Canale has not described in his pleading or other submissions any fact about the economic condition of the ESOP's investments in addition to Integrity's economic condition that would have given rise to a greater duty to diversify after June 1985. Therefore, the court concludes that the statute of limitations with respect to defendant's alleged breach of this duty began to run, at the latest, in June 1985.[3] For the reasons expressed in the January opinion, even if the statute was tolled during the pendency of the class action against defendants, the present action would have been filed one and a half months after the three-year statute of limitations had run. Accordingly, the court concludes that insofar as plaintiff's claims are based merely on an allegation that the deteriorating financial condition of Integrity Insurance should have led defendants to diversify the ESOP's holdings, and not on any alleged fraudulent act by defendants, they are barred by 29 U.S.C. § 1113. Plaintiff's claim will therefore be dismissed except to the extent it alleges fraudulent conduct by defendants.

*Motion for Certification*

28 U.S.C. § 1291 grants courts of appeals jurisdiction of appeals only from final decisions of the district courts. The Interlocutory Appeals Act, codified in 28 U.S.C. § 1292(b), creates a narrowly-tailored exception to the "final decision" requirement:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, .... *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The statute thus enunciates three criteria which must be met before an interlocutory appeal may be granted: the order from which appeal is taken must (1) "involve a 'controlling question of law,'" (2) be of a nature that an immediate appeal would "materially advance the ultimate termination of the litigation," and (3) "offer 'substantial ground for difference of opinion' as to its correctness." *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir.1974), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974) (*quoting* 28 U.S.C. § 1292(b)).

The Third Circuit has recognized that these requirements should be stringently observed. *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431, 433 (3d Cir.1958). In

---

**3.** However, even if defendants were no longer concealing information at this point, that fact would not make the three year statute of limitations applicable to all of defendants' alleged misconduct, if defendants had acted fraudulently at some prior point. *See* Def.Mem. 12. Untimely disclosure will not cure prior fraud; under 29 U.S.C. § 1113, a plaintiff will have six years from the date of discovery of an alleged breach involving fraud, notwithstanding the fact that plaintiff discovered the fraud through defendants' own admissions.

particular, "28 U.S.C. § 1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'" *Link v. Mercedes–Benz of North America, Inc.,* 550 F.2d 860, 863 (3d Cir.1977) (*en banc*), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977) (*citing Johnson v. Alldredge,* 488 F.2d 820 (3d Cir.1973), *cert. denied sub nom. Corrections Officer Cronrath v. Johnson,* 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974)).

Defendant seeks this court's certification of three issues for interlocutory appeal:
1) Where fraudulent concealment is neither alleged nor relevant, should the Court apply the three-year limitation period or the six year limitation period pursuant to 29 U.S.C. § 1113?
2) Should allegations of fraudulent concealment be dismissed, where instead of clear, precise and convincing evidence, plaintiff fails even to allege a claim or present a scintilla of evidence to support any fraud claim?
3) Does the limitation period of 28 U.S.C. § 1113(2) begin to accrue on the earliest date on which a plaintiff becomes aware of a series of breaches of fiduciary duty asserted in a single cause of action?

Def.Mem. 16–17.

Based on the foregoing discussion, the court finds that none of these questions raises a controlling issue of law offering a substantial ground for difference of opinion as to its correctness. Defendants' first issue is irrelevant: the court has found that fraudulent concealment is both alleged and relevant to the present case. There is no substantial ground for difference with the view, expressed in the clear words of 28 U.S.C. § 1113, that in the case of fraud or concealment, plaintiff has six years from the date of discovery to bring suit.

▉ Second, defendants have cited no authority for their view that the evidentiary standard for equitable tolling of the statute of limitations applies where a plaintiff seeks to avail herself of the statutorily-prescribed six year statute of limitations for fraudulent breach of fiduciary duties imposed by ERISA. The court finds that

there is no substantial ground for difference of opinion with the contrary view, that the special pleading requirements applicable to an equitable principle abrogating a legal limitations period should not be presumed to apply to a statutorily-defined limitations period. Although plaintiff has offered a scant evidentiary basis for his claim, the court is unwilling at this early point in the litigation to dismiss for failure to substantiate his allegations of fraud.

Defendants' third point is also irrelevant. Plaintiffs' claim rests entirely on his allegations of fraud. Defendant has not claimed that plaintiff is out of court on the basis of the applicable six year statute of limitations, even assuming that the statute began to run with the earliest date on which he became aware of defendants' first alleged fraudulent breach. Appellate review of this question would have no material effect on this litigation.

The court therefore concludes that defendants' motions for reargument and certification must both be denied. However, in view of defendants' request, and for the further guidance of the parties, the court will clarify the effect of the present opinion and of its January holding. (Def.Mem. 15, n. 9).

▉ As stated above, plaintiff's claim is dismissed except with respect to claims of breach of fiduciary duty based on allegations of fraud or concealment. Either of two types of alleged fraudulent conduct may be relevant to plaintiff's claim. First, if the financial condition of a company in which an ESOP's assets are invested declines because the Plan administrator has fraudulently appropriated monies from the company, then the administrator may be found to have breached the duties of care and prudent diversification that ERISA imposes. It cannot be imagined that a Plan administrator would be acting within her fiduciary duties to ESOP plan beneficiaries if she invested Plan assets in a company which she proceeded to plunder. In this situation, fraudulent appropriation, coupled with non-diversification of assets, constitutes a breach of ERISA fiduciary duties,

and a plaintiff would have six years to bring suit from the day on which she learns of the fraud.[4]

■■■ In a second scenario, the plan administrator of an ESOP subject to ERISA may be alleged to have fraudulently misrepresented the financial condition of the company in which plan beneficiaries' assets were invested, in order to prolong the company's life. In this case, it could be that the administrator is not plundering the company to the detriment of other shareholders, but sincerely wants the company to prosper. However, the administrator would once more be exposed to ERISA liability for breaching her duties of prudence and diversification, if a prudent person, acting in a like capacity as a Plan administrator familiar with such matters, and in the same position, would not or no longer invest the ESOP's assets in the company upon learning that the fraud had occurred or upon discovering the information that had been fraudulently concealed, provided that such information was not otherwise available.[5] In this situation, the fraudulent misrepresentation of information or other fraudulent act in the operation of the company, coupled with non-diversification of assets, would constitute the breach; once more, a plaintiff would have six years to bring suit from the day on which she learns of the fraud.[6]

Under the facts alleged in plaintiff's complaint, it is unclear whether plaintiff is proceeding under one or the other, or both theories of fraud.[7] However, at this point it is premature to say that there are no undisputed issues of material fact and that plaintiff cannot prevail under either theory.

4. In its January opinion, the court characterized the relevant fiduciary duty only in terms of the duty to diversify assets. However, it now appears to the court that such a fraudulent misappropriation by the administrator of an ESOP may be equally or better characterized as a breach of a duty of care, since under ERISA the duty to diversify is arguably only breached by investment decisions incurring a "risk of large losses;" diminution of an ESOP's holdings by fraudulent appropriation of the assets of the company in which the ESOP holds shares could breach an administrator's duty of care, even if it did not result in large losses to the Plan. This distinction provides no basis for revising the court's January Order, since ERISA imposes duties of care, prudence, and diligence on Plan administrators as well as the duty of diversification, 29 U.S.C. § 1104(a)(1) and plaintiff's complaint referred not only to alleged breaches of the duty to diversify, but also to failure "to meet the standard of care required of a Plan fiduciary in violation of the provisions of ERISA, 29 U.S.C. § 1104, 1105, and 1106." Complaint at ¶ 41 (Plaintiff App.Ex. C).

5. Although ESOP plan administrators who are also company officers or directors have no fiduciary duty to plan beneficiaries for actions taken in their capacity as company employees, it is the view of the court that an employee/ESOP fiduciary's *knowledge* that she committed a fraudulent act in her capacity as an employee may be ascribed to her in her capacity as ESOP trustee. Failure to act prudently on the basis of that knowledge would then violate her fiduciary duties in her capacity as plan administrator. The court expresses no view as to whether an employee/ESOP fiduciary is obliged, when acting in her capacity as administrator, to take account of any information known to her through her role as a company employee, apart from the limited circumstance in which the information consists of knowledge of her own fraudulent act.

6. It again appears to the court that the relevant fiduciary duty, described in the January opinion only in terms of the duty to diversify, is better characterized as both the duty to diversify and to discharge her duties with the prudence that a prudent person would use in the conduct of a like enterprise. As described in the January opinion, although 29 U.S.C. § 1104(a)(2) states that holding plan assets in an ESOP does not of itself violate the prudence requirement in § 1104(a)(1)(B), it also does not relieve an ESOP administrator of all duties of prudence. In relieving administrators from liability for the determination to invest plan assets in an ESOP, Congress clearly did not intend to shelter them from liability for all imprudent acts; the statute makes this distinction, emphasizing that the prudence requirement is waived for ESOP administrators "only to the extent that it requires diversification." § 1104(a)(2). As with the breach of duty of care claim described above, prudence, like diversification, is one of the "fiduciary responsibilities" imposed by ERISA which plaintiff alleged defendants to have violated.

7. Plaintiff alleges that "[d]uring the period from 1981 through 1985, Defendants ... participated in the filing of false or misleading financial statements regarding Integrity Insurance and fraudulent inter-company transfers regarding the companies controlled by Defendant Yegen or his family, including the Integrity Financial Group and the Defendant Corporation. Complaint ¶ 36.

Accordingly, the court finds no basis for reconsidering its denial of defendants' motion for summary judgment on plaintiff's fraud claims.

Notwithstanding the court's determination that plaintiff's claim is not time-barred, defendants contend that they should prevail on their motion for summary judgment because plaintiff has failed to introduce sufficient evidence to support his allegations. Although the court agrees that plaintiff's evidentiary showing has been negligible, the court finds that plaintiff's submissions satisfy the standard required to survive a motion for summary judgment at this early stage in the proceedings, if only barely. However, the court will entertain a reapplication of defendants' motion once limited discovery has been had, and will expect at that time that plaintiff will come forward with stronger evidence of the material facts allegedly in dispute herein.

*Conclusion*

For the foregoing reasons, defendants' motion for reargument is granted in part and plaintiff's claims of nonfraudulent breach of fiduciary duty are dismissed. In all other respects, defendants' motions for reargument and for certification of this court's partial denial of their motion for summary judgment for appeal to the Court of Appeals are denied.