**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-2**

---

TIMOTHY RICHARDSON,

        Petitioner – Appellee,

v.

EDWARD THOMAS, Warden, Central Prison, Raleigh, North Carolina,

        Respondent – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-hc-02163-BO)

---

Argued: January 23, 2018                         Decided: February 23, 2018

---

Before MOTZ, TRAXLER, and KEENAN, Circuit Judges.

---

Dismissed and remanded by unpublished per curiam opinion.

---

**ARGUED:** Jonathan Porter Babb, Sr., NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellant. Kenneth Justin Rose, KEN ROSE, Durham, North Carolina, for Appellee. **ON BRIEF:** Josh Stein, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellant. Stanley F. Hammer, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The State of North Carolina seeks to appeal the district court's order granting Timothy Richardson's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), in which he sought relief from the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Because this appeal is interlocutory, we are constrained to dismiss the appeal and remand to the district court.

I.

Richardson was convicted by a jury in 1995 of kidnapping and murdering Tracy Marie Rich. He was sentenced to death. His convictions and sentences were affirmed on appeal, *State v. Richardson*, 488 S.E.2d 148 (N.C. 1997), and certiorari review was denied, *Richardson v. North Carolina*, 522 U.S. 1056 (1998). Richardson's post-conviction motions for appropriate relief ("MAR") in state court were also denied. *State v. Richardson*, 667 S.E.2d 272 (N.C. 2008). Among other claims, Richardson argued that his death sentence violated the Eighth Amendment because he was mentally retarded as defined by N.C. Gen. Stat. § 15A-2005 (2001). *See Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (holding that the Eighth Amendment to the Constitution prohibits the execution of a mentally retarded offender). Following an evidentiary hearing, the state court denied relief, finding that Richardson had not demonstrated that his reduced mental capacity rose to the level of mental retardation or that he was significantly impaired in his adaptive functioning. *See* N.C. Gen. Stat. § 15A-2005.

In 2008, Richardson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Richardson asserted, *inter alia*, that the state court's denial of his *Atkins*

claim was factually and legally unreasonable. The district court considered the evidence presented at the state evidentiary hearing in light of *Atkins* and denied the claim. *Richardson v. Branker*, 769 F. Supp. 2d 896, 924-28 (E.D.N.C. 2011). We affirmed and the Supreme Court denied review. *Richardson v. Branker,* 668 F.3d 128, 149-53 (4th Cir. 2012), *cert. denied Richardson v. Branker*, 568 U.S. 948 (2012).

II.

In May 2014, the Supreme Court issued its decision in *Hall v. Florida*, 134 S. Ct. 1986 (2014), in which the Court invalidated Florida's intellectual disability statute as too "rigid" because "[i]f, from test scores, a prisoner is deemed to have an IQ [test score] above 70, all further exploration of intellectual disability is foreclosed." *Hall*, 134 S. Ct. at 1990. Although the statute on its face could have been interpreted in a constitutional manner, the state supreme court had interpreted it in such a way that it "fail[ed] to take into account the standard error of measurement [SEM]" applicable to IQ scores and "bar[red] an essential part of a sentencing court's inquiry into adaptive functioning." *Id.* at 2001. Thus, it "create[d] an unacceptable risk that persons with intellectual disability w[ould] be executed." *Id.* at 1990.[1]

In January 2015, Richardson filed an amendment to his MAR in state court, asserting that his intellectual disability claim under N.C. Gen. Stat. § 15A-2005 should be reconsidered in light of *Hall.* The court denied Richardson's claim as procedurally

---

[1] In *Hall*, the court recognized and adopted the change in terminology from "mental retardation" to "intellectual disability" to describe the "identical phenomenon." *Hall v. Florida*, 134 S. Ct. 1986, 1990 (2014).

3

barred because it had been raised in the previous MAR and *Hall* was not retroactively applicable to cases on collateral review. *See* N.C. Gen. Stat. 15A-1419(a)(2). The state court also denied the claim on the merits, holding that *Hall* did not require invalidation of North Carolina's statute or alter the state court's prior factual determination that Richardson was not intellectually disabled. Noting that Richardson had not been limited in his presentation of evidence regarding the SEM for IQ scores, or in his presentation of evidence of his limitations in adaptive functioning, the court held that *Hall* had no effect on its prior resolution of the claim. The North Carolina Supreme Court and the United States Supreme Court denied review. *See State v. Richardson*, 782 S.E.2d 736 (N.C. 2016), *cert. denied Richardson v. North Carolina*, 137 S. Ct. 337 (2016).

Richardson then filed a Rule 60(b)(6) motion in the district court seeking relief from its previous denial of his *Atkins* claim in the § 2254 proceedings. Richardson asserted that *Hall* constituted an extraordinary circumstance that warranted setting aside the district court's judgment. The State opposed the motion, arguing that Richardson's direct attack on the court's resolution of his *Atkins* claim must be construed as a successive § 2254 habeas petition under 28 U.S.C. § 2244, which requires prior authorization from the court of appeals.

The district court granted Richardson's Rule 60(b)(6) motion. Although the court agreed that Richardson's Rule 60(b) motion "directly attacks th[e] court's merits adjudication [of his intellectual disability claim] in light of *Hall*," J.A. 1616, the court ruled that "the federal habeas proceedings . . . were arguably defective because the court did not conduct a hearing to examine" the claim, J.A. 1613. *See United States v.*

4

*Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) ("While "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, . . . a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (A movant files a true Rule 60(b) motion "when he . . . asserts that a previous ruling which *precluded* a merits determination was in error." (emphasis added)). However, the district court stayed further proceedings "to permit [the State] to appeal" its ruling to this court. J.A. 1616.

> [P]etitioner's Rule 60(b) motion does not mention this court's failure to conduct a hearing, but rather directly attacks this court's merits adjudication in light of *Hall*. Thus, the question of whether Rule 60(b) is the appropriate vehicle for petitioner's arguments is a close one. In this posture, the undersigned will STAY these proceedings to permit respondent to appeal. The court advises petitioner that, when these proceedings resume, he will be afforded an opportunity to elect between deleting any improper claims or having the entire motion treated as a successive application if appropriate.

J.A. 1616. The court additionally noted that its order should "not be construed to prevent petitioner from filing an application in the court of appeals under 28 U.S.C. § 2244, referencing the instant matter as a protective filing." J.A. 1616 n.8.[2]

On April 4, 2017, the State filed a notice of appeal in this court, advising that the district court had "stayed proceedings . . . to 'permit respondent to appeal [the Rule

---

[2] By that time, Richardson's counsel had advised the district court of their view that the claim of intellectual disability under *Hall* could not be raised in a second or successive petition, due to the restrictions in 28 U.S.C. § 2244(b)(1). *Id.* ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

60(b)(6)] ruling.'" J.A. 1618. On July 6, the State filed its brief and the joint appendix, consisting of five volumes and over 1400 pages. Eight days later, Richardson moved to dismiss the State's appeal for lack of jurisdiction because the State had not timely sought permission to appeal under 28 U.S.C. § 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure. In response, the State asserted that the district court's order was appealable under the collateral order doctrine. In the alternative, the State asked us to construe its notice of appeal as sufficient to request permission to appeal. We deferred action on the motion pending completion of briefing. On October 5, Richardson filed his brief, as well as a motion pursuant to 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive petition based upon *Hall*. *In re Timothy Richardson*, No. 17-7 (4th Cir. filed Oct. 5, 2017). We granted Richardson's request to stay action on the § 2244 motion pending resolution of this appeal.

### III.

There is no dispute that the district court proceedings in this case were not concluded by the district court's decision. The district court ruled that its failure to conduct an evidentiary hearing was a defect in the § 2254 collateral review proceedings that warranted Rule 60(b)(6) relief and that a hearing would be scheduled after appellate proceedings were concluded.[3] Instead, the State asserts that the district court's decision should be considered final and appealable under the collateral order doctrine.

---

[3] The district court did not address the question, which the parties have briefed on appeal, of whether an evidentiary hearing is appropriate under the principles set forth in *Cullen v. Pinholster*, 563 U.S. 170 (2011).

6

To proceed under the collateral order doctrine, the district court decision must satisfy three conditions. It must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks omitted). The State contends that all three requirements are satisfied. We disagree. The district court conclusively determined the disputed question of whether Richardson can proceed under Rule 60(b)(6), based upon its failure to conduct an evidentiary hearing, or whether he can only proceed under 28 U.S.C. § 2244, and the issues raised by this appeal are important ones that are separate from the merits of the intellectual disability claim. Nevertheless, the decision is not effectively unreviewable on appeal. Although we understand the State's concern for finality of its convictions, these issues can be timely raised on appeal from a final judgment.

Thus, we turn to the question of whether we can grant a permissive appeal under 28 U.S.C. § 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he shall so state in writing in such order.* The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, *if application is made to it within ten days after the entry of the order. Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.* (third emphasis in original).[4]

The requirements of 28 U.S.C. § 1292(b) "must be strictly construed." *United States ex rel. Michaels v. Agape Senior Cmty. Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (internal quotation marks omitted). The statute mandates two "conditions precedent to the granting by this court of permission to appeal." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 435 (3d Cir. 1958). First, the district court "shall have stated in writing . . . that in his opinion 'such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)). Second, "the application for permission to appeal must be made to the court of appeals 'within ten days after the entry of the order' sought to be appealed from." *Id.* Only then can this court, "in its discretion, permit an appeal to be taken." 28 U.S.C. § 1292(b).

Here, the district court found that the question of "whether Rule 60(b) is the appropriate vehicle" for Richardson's claim was "a close one" and stayed the proceedings to permit the State to appeal. However, the district court did not sufficiently certify the appeal under 28 U.S.C. § 1292(b) and, even if it had, the State did not request permission to appeal the decision within 10 days of the decision.

---

[4] Rule 5 of the Federal Rules of Appellate Procedure sets forth the specific requirements for the petition for permission to appeal under § 1292, including the required contents of the petition and a provision allowing the opposing party ten days to file an answer in opposition or a cross-petition.

Accordingly, while we agree with the district court that judicial economy weighs in favor of immediate judicial review, we are constrained to dismiss the appeal insofar as it is based upon the collateral order doctrine. We remand the matter to allow the district court, in its discretion, to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement" for a permissive appeal. Fed. R. App. P. 5(a)(3). In the event the district court certifies the case to us and the State timely requests permission to appeal, Richardson will have his opportunity to file a response. Fed. R. App. P. 5(b)(2).[5] However, in light of the extensive filings that have already occurred in this appeal, the court will entertain a motion by the parties to adopt the memoranda, briefs and joint appendix from this appeal.[6]

*DISMISSED AND REMANDED*

---

[5] For these reasons, we need not address Richardson's claim that this case is not an appropriate one for *recertification* by the district court. *See, e.g., Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 866-67 (4th Cir. 2001).

[6] As noted above, Richardson's pending motion for second or successive relief under § 2244 is also based upon the Supreme Court's decision in *Hall*, and it is necessarily intertwined with the issues that the State sought to raise in this appeal. *In re Timothy Richardson*, No. 17-7 (4th Cir. filed Oct. 5, 2017). Accordingly, we will continue to hold this motion in abeyance for a minimum of 30 days and direct the parties to provide an update on the district court proceedings at the expiration of this period.